Brown           *J. G. Marshall* and *C. Cushing,* for the appellee.
v.
Connelly.

---

BROWN *v.* CONNELLY.

A plea to an action of malicious prosecution, stating in general terms that
the defendant had a probable cause for the prosecution, is insufficient.

In such suit, the facts showing probable cause may be specially pleaded, or
may be given in evidence under the general issue.

If in such suit the facts be specially pleaded, and the general issue be also
filed, the special plea may be struck out on motion.

Parol evidence that a person has acted as a justice of the peace, is admissi-
ble to prove him to be such officer.

If a warrant issued by a justice of the peace of one county be indorsed,
under the statute, by a justice in another county, the indorsement is *prima
facie* evidence that an oath authorizing the indorsement had been pre-
viously made.

An instruction to the jury that the minutes of the testimony taken by the
plaintiff's counsel, and read by him to the jury in the course of his argu-
ment, *if correctly taken,* were evidence,—though not correct in terms,
could not mislead the jury and is therefore no cause for a new trial.

Tuesday,          APPEAL from the *Montgomery* Circuit Court.
November 24.
BLACKFORD, J.—*Connelly* sued *Brown* for malicious prose-
cution. The declaration states that the defendant, by falsely
and maliciously making an affidavit that the plaintiff had felo-
niously stolen his cow, had caused the plaintiff to be arrested
under a justice's warrant, and to be imprisoned until, &c.
There are two special pleas relying on probable cause. The
first merely states, in general terms, that the defendant had a
probable cause for the prosecution. The second sets out the
facts as follows: That the plaintiff drove away the defen-
dant's cow from *Tippecanoe* county to *Putnam* county, with-
out the defendant's knowledge or consent, and sold her to
one *Bridges;* and that, afterwards, when the defendant asked
the plaintiff if he had sold any cows to *Bridges,* the plaintiff
said he had not. The general issue was also pleaded. The
first plea was specially demurred to, because the facts are not
stated, and the demurrer was correctly sustained. The se-
cond plea was also specially demurred to, on the ground that

it amounted to the general issue; and the Court sustained the demurrer. The cause was tried on the general issue, and a verdict given for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

The second plea is not bad for the cause assigned. Whether any given facts amount to a probable cause for the prosecution, is a question of law. *Johnstone* v. *Sutton*, 1 T. R. 545. *Blachford* v. *Dod*, 2 Barn. & Adol. 179. And such facts may therefore be specially pleaded. 1 Chitt. Pl. 528. *Morris* v. *Corson*, 7 Cowen, 281. It is true, as the general issue was filed, under which probable cause may be proved, the plea in question was unnecessary, and might have been struck out on motion; *Cotton* v. *Browne*, 3 Adol. & Ell. 312; but still it was not subject to a demurrer for the cause alleged. We think, however, that this plea is defective in substance, for not showing a sufficient excuse for making the charge described in the declaration.

On the trial, the plaintiff produced a warrant, issued against him by a justice of the peace in *Tippecanoe* county, indorsed *Joseph F. Farley*, (L. s.,) Justice of the Peace of *Putnam* county, and then offered to prove by a witness that *Farley* was an acting justice of the peace of *Putnam* county. This testimony, that *Farley* was a justice, was objected to as not being the best, but the objection was correctly overruled. The following authorities support the opinion of the Circuit Court: Debt by the *United States* against a person for rescuing spirits from a collector, &c. The Court, speaking on the question before us, says—The rule that secondary evidence shall not be admitted where primary evidence is attainable, although a sound general rule, has been relaxed in some cases where general convenience has required the relaxation. The character of a public officer is one of those cases. That he has acted notoriously as a public officer, has been deemed *prima facie* evidence of his character, without producing his commission or appointment. In the trial of the *Gordons*, Leach's Crown Law, 515, this principle of evidence was sustained by all the judges, even in a case of murder. It is also laid down in 4 T. R. 366; 3 T. R. 635; 3 Camp. 432; 1 Phill. Ev. 180.—*Jacob* v. *The U. States*, 1 Brock. Rep. 520. Again, on the trial of an indictment

Nov. Term,
1840.

THE STATE
v.
FORD.

for conspiring to obstruct a church-rate made by certain trustees, &c., a witness stated that he had seen the trustees, before signing the rate, act once at least as trustees. To an objection to the sufficiency of this evidence, the judge said— These trustees are public officers. They all acted as such before signing this rate, and I cannot say that there is no evidence that they are trustees. If the proof of their once acting is not enough, would proof of ten times be so? Where is the line to be drawn? I think it is evidence to go to the jury that they were trustees. *Regina* v. *Murphy*, 8 Carr. & Payne, 297.

The Court instructed the jury, that *Farley's* indorsement on the warrant was *prima facie* evidence that an oath, authorizing the indorsement, had been previously made. This instruction is unobjectionable.

The Court also instructed the jury, that the minutes of the testimony taken by the plaintiff's counsel, and read by him to the jury in the course of his argument, *if correctly taken*, were evidence. This instruction, though not correct in terms, could not have misled the jury.

It is contended that the evidence does not sustain the verdict. The evidence, certainly, does not make out a strong case for the plaintiff; but there is not such a deficiency of proof as to authorize us, against the opinion of the Court below, to set aside the verdict.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*A. S. White* and *R. A. Lockwood*, for the appellant.

*A. Kinney*, for the appellee.

