*D. S. Gooding*, for the state.

---

## LAWRENCE v. LANNING.

Where the statement of a witness is relevant to the issue, evidence of a contradictory statement made by him out of Court, is admissible, to impeach his testimony.

In an action for the malicious prosecution of a criminal charge against the plaintiff, malice can not be inferred from the fact that the defendant employed counsel to prosecute the charge.

The mere belief that a person has been guilty of a crime, is not sufficient to authorize a criminal prosecution against him. There must be reasonable and probable cause for the prosecution.

*Thursday,
June 2.*

ERROR to the *Franklin* Circuit Court.

DAVISON, J.—This was an action on the case by *Lanning* against *Lawrence* for malicious prosecution. Plea, not guilty. Verdict and judgment for the plaintiff below.

Upon the trial it was proved *that* in the prosecution alleged to have been malicious, *Lawrence* had charged *Lanning* with having stolen his coat. There was evidence tending to prove that *Lawrence*, on the 2d of *September*,

1849, had lost said coat in the woods, and that *Lanning* had found it there on the same day, and taken it to the house of *Nancy Stout*, near to where it was found, that it might be discovered by the owner. *Lawrence* then produced *Caleb Jones*, a witness, who testified that on the 4th of *September*, 1849, he and his father were at *Lawrence's* saw-mill, and, while there, he saw a coat lying on a bench which he took to be the coat said to have been stolen by *Lanning;* whereupon *Lanning* asked the witness whether he did not, at a certain time and place specified, tell one *Foster* that if his, *Jones's*, father should swear that he saw the coat lying on the bench mentioned by the witness on that occasion, he would swear to a d——d lie? which question the witness answered in the negative. *Lanning*, at the proper time, called *Foster*, and asked him whether *Jones* did not, at the time and place designated, state that if his, *Jones's*, father should swear that he had seen said coat lying on said bench on the 4th of *September*, 1849, he would swear to a d——d lie? to which question *Lawrence* objected. The Court overruled the objection, and *Foster* testified that *Jones* did make such statement at the time and place designated. *Jones's* father, before this, had been called as a witness, and stated that he saw the coat at the mill on the 4th of *September*, 1849.

The plaintiff contends that the matter sworn to by *Jones* was not material to the issue, and, therefore, the testimony of *Foster*, showing his statements out of Court was improperly admitted.

The point here presented, admits of some doubt. But we are inclined to believe that the ruling of the Court was correct.

*Lanning* had proved that on the 2d of *September* he found the coat and left it at *Stout's*. This tended to show his innocence of the charge upon which he had been prosecuted. *Jones* testified that he had seen the coat at the mill on the 4th of *September*. If the coat was at the mill on the day stated by *Jones*, the jury might have inferred that it was not found and left at *Stout's*. Mr.

May Term,
1853.

LAWRENCE
v.
LANNING.

*Starkie* says, "the rule does not exclude the contradiction of the witness as to any facts immediately connected with the subject of inquiry." 1 Starkie's Ev. 183.

The matter sworn to by *Jones* seems to have been in conflict with the state of facts set up by *Lanning*, tending to prove his innocence of the charge of stealing the coat, and was, therefore, "immediately connected with" an important inquiry on the trial.

We think that *Jones's* testimony was relevant and not collateral to the issue; and proof that he made a statement out of Court contrary to what he had sworn on the trial, was properly admitted.

Among the several instructions given to the jury, the following are complained of by the plaintiff in error:

1. That the fact that the defendant employed counsel to prosecute the criminal cause against the plaintiff, is a fact from which the jury may infer malice.

2. That because the defendant believed the plaintiff had stolen his coat, is not sufficient to authorize him to institute a criminal charge against him.

The first instruction is evidently erroneous. We know of no principle that would authorize the jury to infer malice from the mere fact of the defendant having employed counsel to prosecute the criminal charge alleged against the plaintiff. It has been held, that the advice of counsel as to there being a good cause of action upon the real facts, will repel malice. 2 Starkie's Ev. 499, 500.— 3 Mason 102. And, although it cannot be said that the employment of counsel to prosecute in such case, would repel malice, still, we think it is not a fact from which malice can be fairly inferred. The jury may have been misled by this instruction, and, on account of it, the judgment must be reversed.

The second instruction was correct. The mere belief of *Lawrence* that *Lanning* had stolen his coat was not sufficient to authorize the prosecution. There must have been reasonable and probable cause for instituting the criminal proceeding. *Stone* v. *Stevens*, 12 Conn. 219.

*Per Curiam.*—The judgment is reversed with costs. May Term,
Cause remanded, &c.                                              1853.

J. *Ryman,* for the plaintiff.