## LACY *v.* MITCHELL.

| 23 | 67 |
|----|-----|
| 149 | 133 |

| 23 | 67 |
|----|-----|
| 155 | 54 |
| 155 | 55 |

MALICIOUS PROSECUTION—PROBABLE CAUSE.—Probable cause is that apparent state of facts found to exist, upon reasonable inquiry, such as the given case rendered convenient and proper, which would induce a reasonably intelligent and prudent man to believe the accused had committed the crime charged, or in a civil case, that a cause of action existed.

APPEAL from the *Kosciusko* Circuit Court.

PERKINS, J.—Suit by *Mitchell* against *Lacy* for malicious prosecution. Judgment below for the plaintiff, for $100. The case is brought up on the evidence alone. It is contended that it fails to establish want of probable cause for the prosecution of *Mitchell* by *Lacy.*

Probable cause may be defined to be that apparent state of facts found to exist upon reasonable inquiry; that is,

such inquiry as the given case rendered convenient and proper, which would induce a reasonably intelligent and prudent man to believe the accused person had committed, in a criminal case, the crime charged; and in a civil case, that a cause of action existed.

We think, on the whole evidence, a want of probable cause appears, supposing this to be a question for the court and not for the jury, in this case. 8 Blackf. 525; note. *Lacy* and *Mitchell* were living in the same house; *Mitchell* a tenant of *Lacy*. *Lacy* was absent from home, and during his absence his daughter saw *Mitchell*, one evening, carrying a little shelled corn, in a basket on his arm, from the barn to the chicken-coop, and saw him feed it to his chickens. *Mitchell* and *Lacy* both had corn in the barn. *Lacy* had a hundred chickens which had access to it, and were often on it. *Lacy's* daughter looked at her father's pile of shelled corn, and thought a bushel of it must have disappeared during some indefinite period of time. *Mitchell* took his own corn in the basket to the chickens. *Lacy's* daughter told her father, when he came home, what she had seen. *Lacy* went to a magistrate and insisted on prosecuting *Mitchell*, who was a man of good character, for larceny. The magistrate remonstrated, but was, at last, persuaded to issue a writ on *Lacy's* affidavit. *Lacy* had been heard to threaten revenge on *Mitchell* for something not explained.

We do not think probable cause for the prosecution was shown, considering all the circumstances. *Lacy* could have easily learned the facts of the case by speaking with *Mitchell*, who was near him. He should have made more inquiry under the circumstances, of this case. If he really believed that *Mitchell* had stolen his corn, the belief arose from his own negligence. As to what is probable cause, and whether a question for the court or jury, see Greenl. on Ev., vol. 1, sec. 49; vol. 2, sec. 455, *et seq.*; 1 Starkie on Slander, 279; 2 *Id.* 71, *et seq.*; 4 Ind. Rep. 194. See on the subject of malicious prosecution, 18 Ind. Rep. 161, 321.

*Per Curiam.*—The judgment is affirmed, with one per cent. damages and costs.

*James S. Frazer* and *G. W. Frasier*, for appellant.

Counsel for appellant argued: In actions for malicious prosecution, plaintiff must show want of probable cause. *Stone* v. *Crocker*, 24 Pick. 61; *Adams* v. *Lisher*, 3 Blackf. 445; *Cummings* v. *Parks*, 2 Ind. 148.

Whether the facts are true is a question for the jury; whether they amount to probable cause is a question of law. *Brown* v. *Connelly*, 5 Blackf. 390; *Newell* v. *Downs*, 8 Blackf. 525; note.