———o———

## HAYS v. BLIZZARD.

MALICIOUS PROSECUTION.—To support an action for malicious prosecution, it must be shown that the prosecution is determined.

SAME.—Where an indictment has been quashed and the defendant discharged by the judgment of the court, there is such a termination of the prosecution as is necessary to support an action for malicious prosecution.

SAME.—*Probable Cause.*—The mere belief that a person has been guilty of a crime is not sufficient to authorize a criminal prosecution against him; but where the facts known to the prosecutor, or the information received by him from sources entitled to credit, are such as to justify the belief, in the mind of a person of reasonable intelligence and caution, that the accused is guilty of the crime charged, and the prosecution is induced thereby, such a state of facts constitutes probable cause, though it may subsequently appear that the accused is innocent.

APPEAL from the Tippecanoe Circuit Court.

ELLIOTT, J.—This was an action by Blizzard against Hays, the appellant, for a malicious prosecution. The complaint

is in two paragraphs. A separate demurrer was overruled to each.

Issues were formed, which were tried by a jury. Verdict for the plaintiff. Motion for a new trial overruled, and judgment.

The first error complained of is the overruling of the demurrer to the second paragraph of the complaint. That paragraph alleges that the defendant "falsely, maliciously, and without any reasonable or probable cause, indicted and caused and procured to be indicted the said plaintiff for the alleged crime of forgery," upon which he was arrested; that the indictment was subsequently quashed, and the plaintiff released and discharged therefrom.

The objection urged to the paragraph is, that to sustain an action for malicious prosecution, it must appear that the plaintiff was finally acquitted of the criminal charge, and that his release therefrom in consequence of the indictment being quashed is not sufficient. All the authorities concur in saying that to support the action it must be shown that the prosecution is determined. But it was held in *Chapman* v. *Woods*, 6 Blackf. 504, after a very careful consideration of the question, that where a *nolle prosequi* had been entered to the indictment, and a judgment entered thereon that the defendant go hence acquit thereof, there was a final termination of the prosecution. It was ended by the judgment, and although a new indictment might be preferred, no further process could issue on the old one; and hence, such a termination was sufficient to support the action. The same result is produced by the indictment being quashed, and a judgment for the defendant thereon. In such case, a new indictment may be presented, but the first prosecution is finally ended when the indictment is quashed and the plaintiff discharged by the judgment of the court. We think there was no error in overruling the demurrer.

The next question presented by the appellant arises from certain instructions given by the court to the jury.

The court, after having said to the jury that, to sustain

the action, the plaintiff must have shown: "first, that the defendant prosecuted the plaintiff, as is alleged in one or the other paragraph of the complaint; second, that such prosecution is at an end; and third, that the prosecution was instituted maliciously and without probable cause," gave to them the following instruction: "If you believe, from the evidence, that the plaintiff did destroy the receipt, or deface the record" (these being the acts for which he was prosecuted) "feloniously, and with intent to defraud, then there was probable cause, and the plaintiff cannot recover, even though you should find express malice; but, if you find, from the evidence, that the plaintiff's acts in relation to the receipt and record were not done with a felonious and fraudulent intent, but were innocent of guilt, then there was no probable cause, and the allegation in this regard is made out; and in this connection you may take into consideration the admission of Judge Turpie, that the whole facts in evidence in relation to the receipt and record show the plaintiff innocent of any crime; and we repeat, if he was innocent of any crime, under all the facts, there was no probable cause."

· This instruction is clearly erroneous. It makes the question of the existence or absence of probable cause for the prosecution to depend solely upon the question of the guilt or innocence of the plaintiff of the crime for which the prosecution was instituted, and excludes the idea that probable cause for a prosecution could ever exist, where it should appear on final trial or by subsequent developments that the party charged was in fact innocent of the alleged crime. We are not aware of any authority to sustain such a proposition.

The mere belief that a person has been guilty of a crime is not sufficient to authorize a criminal prosecution against him. *Lawrence* v. *Lanning*, 4 Ind. 194. But where the facts known to the prosecutor, or the information received by him from sources entitled to credit, are such as to justify the belief, in the mind of a person of reasonable intelli-

gence and caution, that the accused is guilty of the crime charged, and the prosecution is induced thereby, such a state of facts constitutes probable cause, though it may subsequently appear that the accused is innocent. In *Lacy* v. *Mitchell*, 23 Ind. 67, "probable cause" is defined to be, "that apparent state of facts found to exist upon reasonable inquiry; that is, such inquiry as the given case rendered convenient and proper, which would induce a reasonably intelligent and prudent man to believe the accused person had committed, in a criminal case, the crime charged; and in a civil case, that a cause of action existed." In *Bacon* v. *Towne*, 4 Cush. 238, Chief Justice Shaw defines probable cause to be "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest, and strong suspicion, that the person arrested is guilty." It is, however, urged by the appellee's counsel, if the instruction copied above is held to be erroneous, that still the judgment should not be reversed, for the reason, as is claimed, that the law was fully and correctly given to the jury in the eighth instruction. We cannot sustain this view of the case; as, allowing the eighth instruction to contain a correct exposition of the law, it is confined exclusively to the question of malice, and does not in any wise apply to the question of probable cause.

The seventh instruction was wrong, and though the evidence is before us, we cannot say that it did not mislead the jury; and the judgment must therefore be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. Turpie, H. W. Chase,* and *J. A. Wilstach,* for appellant.

*T. A. Huff* and *J. Applegate,* for appellee.