## RICHTER *v.* KOSTER.

MALICIOUS PROSECUTION.—The defendant in a criminal prosecution was found guilty; but a new trial was granted, and subsequently a *nolle prosequi* was duly entered, and the defendant was thereupon discharged.

*Held*, that this was such a determination of the case as to enable the accused to sue for malicious prosecution.

*Held*, also, that the finding of guilty having been set aside, it was no evidence of probable cause.

SAME.—*Malice.*—The defendant in an action for malicious prosecution was before the grand jury, not voluntarily, but in obedience to a subpœna, and, on being questioned, testified to what he believed to be true in reference to a criminal offence supposed to have been committed by the plaintiff, and thereafter took no part in prosecuting the criminal charge.

*Held*, that malice could not be inferred from these facts.

From the Marion Common Pleas.

*D. V. Burns*, for appellant.

*G. W. Spahr* and *H. Dailey*, for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant for malicious prosecution. The issue was formed by a general traverse of the complaint. The trial was by a jury. There was a verdict for the plaintiff, the damages being assessed at two hundred dollars. A motion for a new trial was made by the defendant, and overruled by the court. There was then final judgment for the plaintiff.

The only error assigned is the refusal to grant a new trial.

Several questions arising under this assignment are presented and discussed. The record of the former prosecution, given in evidence by the plaintiff in this case, shows that the plaintiff herein was indicted by the grand jury of the Marion Criminal Court, for an assault and battery alleged to have been committed upon the defendant in this action; that on arraignment and plea of not guilty, he was tried by the court, found guilty, and a fine of one dollar assessed against him. He moved for a new trial, on the ground that the finding of the court was contrary to law, was contrary to the evidence, for newly-discovered evidence, and because he had been

Richter *v.* Koster.

taken by surprise by the evidence of the State's witnesses. He also filed his own affidavit, and that of the witness by whom he could adduce the newly-discovered evidence.

The court sustained the motion, and a new trial was granted.

Afterward the prosecuting attorney entered a *nolle prosequi* of the indictment, and the defendant therein was discharged.

One question in this case is as to the effect of this record. The court instructed the jury with reference to it as follows:

" If on the trial of the plaintiff in the criminal court, there was a finding of guilty, which was set aside on the ground of newly-discovered evidence, and a new trial granted, and afterward a *nolle prosequi* entered, this finding of the court should be considered by you as going to show probable cause." The defendant herein requested the court to give this charge relating to the effect of the record:

"5. If the plaintiff was, on the first trial of the cause, convicted in the criminal court, it is conclusive evidence of probable cause, and he cannot recover here, unless such conviction was caused chiefly by the false testimony of the defendant."

And also this one:

" 6. A finding of guilty in the said criminal court is conclusive evidence of probable cause, although such finding may have been afterward set aside for newly-discovered evidence, and a *nolle prosequi* entered." These instructions the court refused to give.

The defendant excepted to the giving of the first instruction, and the refusal to give the last two instructions.

We are of the opinion that neither the instruction given nor those asked and refused were correct. Had no new trial been granted in the criminal case, and had judgment been rendered against the defendant therein, he could not have maintained any action for malicious prosecution. The judgment would have been conclusive evidence of probable cause. But when a new trial was granted, the case stood as though it had not been tried before. It would be of no avail for a

defendant to obtain a new trial, if the former verdict would continue to be evidence of his guilt, or of probable cause for the prosecution.   The granting of the new trial proceeds upon the ground that it has been made to appear to the court that the conviction was wrongful.   The statute provides that the granting of a new trial places the parties in the same position as if no trial had been had.   2 G. & H. 423, sec. 141.   We are referred by counsel for appellant to *Griffis* v. *Sellars*, 2 Dev. & Bat. 492.   It was held in that case, that where there was a verdict and judgment of conviction, and the defendant was afterward acquitted upon an appeal to a superior court, there could be no action by the defendant for malicious prosecution ; and the case is put upon the ground that the conviction in the inferior court is itself evidence of probable cause for the prosecution. But if we concede the correctness of this ruling, it does not meet the question here.   The learned judge, in that case, says : "We do not desire to be considered as laying it down, that a verdict, if set aside by the court in which the trial was had,. would establish probable cause."

The charges asked by the defendant were rightly refused by the court.   The charge given was more favorable to the defendant than he had a right to ask.   He cannot, therefore,. complain of it.   The case having been restored to its former condition, by granting the new trial, the entry of the *nolle prosequi*, and the judgment of the court, that the defendant be discharged from further answering to the indictment and go hence without day, were such a final termination of the prosecution, that, so far as this point is concerned, the defendant in that case had the right to sue for malicious. prosecution.   This is so decided in *Chapman* v. *Woods*, 6 Blackf. 504.

The only connection which the appellant is shown to have had with the criminal prosecution is this.   He was summoned before the grand jury, to give evidence with reference to another matter. When he had testified concerning that matter, the prosecuting attorney, who was present, according to his

Richter *v.* Koster.

custom, asked him if he knew of any other violations of the laws of the State? He answered: "Yes; Theodore Koster hit me." It was not shown that he employed counsel to prosecute the case, that he testified in the criminal court, or in fact that he had any other connection with the prosecution. He was struck by some one in a saloon before that time, and knocked down. He and the appellee had had a difficulty, and although he was unable to state from his own knowledge who it was that struck him, he had been informed that it was the appellee that struck him. Koster and others who were present testified that he did not strike the appellant. We think the preponderance of the evidence is, that Koster did not strike him. But, at the same time, we think it appears from the evidence that Richter believed when he made the statement before the grand jury, in answer to the question of the prosecuting attorney, and had reasonable ground to believe, that the appellee had struck him. While the right of the citizen to maintain his action, when he has been maliciously prosecuted without any reasonable or probable cause, cannot be denied, it cannot be held that in every case where a public prosecution has been commenced, and has resulted in an acquittal, an action for malicious prosecution can be maintained. In *Lacy* v. *Mitchell*, 23 Ind. 67, it was said: "Probable cause may be defined to be that apparent state of facts found to exist upon reasonable inquiry; that is, such inquiry as the given case rendered convenient and proper, which would induce a reasonably intelligent and prudent man to believe the accused person had committed, in a criminal case, the crime charged; and in a civil case, that a cause of action existed." In *Hays* v. *Blizzard*, 30 Ind. 457, it was said: "The mere belief that a person has been guilty of a crime is not sufficient to authorize a criminal prosecution against him. *Lawrence* v. *Lanning*, 4 Ind. 194. But where the facts known to the prosecutor, or the information received by him from sources entitled to credit, are such as to justify the belief, in the mind of a person of reasonable intelligence and caution, that the

Richter *v.* Koster.

accused is guilty of the crime charged, and the prosecution is induced thereby, such a state of facts constitutes probable cause, though it may subsequently appear that the accused is innocent."

The appellant did not voluntarily go before the grand jury, and when he was before them he did not volunteer the accusation. There are no circumstances indicating malice on the part of the appellant. There must be not only want of probable cause to sustain the action, but there must be malice. It is true that the jury may infer malice from the want of probable cause, but they are not bound to do so; and there are cases where the occasion supports the inference of want of malice. Starkie says: "In some instances the very existence of malice is wholly immaterial; in other words, the law will decide conclusively in favor of the defendant, notwithstanding his malice, or its injurious consequences to the plaintiff, as where an action is brought for a libel, or words published or spoken by a judge, juror, or witness, in the ordinary course of judicial proceedings. In others, the law will not exclude evidence of malice, but will presume against its existence until it has been established by positive proof; as in cases of libel, or slander, where the occasion supports such a presumption; or where the action is expressly founded upon a malicious proceeding, such as a malicious prosecution by a private person, or a malicious conviction by a magistrate. In such and similar instances, malice being the gist of the action, must be established by positive proof, independently of the act itself." 2 Stark. Ev. 675. The same author says: "Evidence as to the conduct of the defendant in the course of the transaction, his declarations on the subject, and any forwardness and activity in exposing the plaintiff by a publication of the proceedings, is properly adduced to prove malice," *Id.* 683.

Under the circumstances disclosed in this case, there was no ground on which the jury could infer the existence of malice on the part of the appellant. It was not a question whether or not the appellee was really guilty of the assault

and battery, but the question was, had the appellant proba-
ble cause to do what he did, and if not, then was he actuated.
by malice in doing it? See *Scotten* v. *Longfellow*, 40 Ind..
23. We think the evidence did not warrant the verdict of
the jury.

There are a number of other questions discussed and pre--
sented, but we do not deem it necessary to decide them in.
disposing of the case.

The judgment is reversed, with costs, and the cause-
remanded, for a new trial.