## GRAETER v. WILLIAMS.

MALICIOUS PROSECUTION.—*Defence.*—*Suspicion.*—*Belief.*—In an action to recover damages for malicious prosecution, the mere fact that the defendant had honestly suspected or believed the plaintiff to be guilty of the crime for which he had caused the latter to be prosecuted is no defence.

SUPREME COURT.—*Practice.*—*Assignment of Error.*—To present, for the con-

sideration of the Supreme Court, on appeal, the action of the court below upon a demurrer to an answer, it must be assigned as error.

SAME.—*Argument.— Waiver.*—The failure of a party, in his argument on appeal to the Supreme Court, to notice a question presented by his assignment of errors, is deemed a waiver thereof.

SAME.—*Instructions to Jury.—Objections to.—How Shown.*—Where alleged error, in instructions given to the jury, is relied upon as ground for obtaining a reversal of a cause in the Supreme Court, a mere reference in the argument to the fact that such instructions were given, excepted to and embodied in a motion for a new trial, is insufficient, as the grounds of objection to each of them must be clearly pointed out.

SAME.—*Petition for Rehearing.*—It is too late, upon petition for a rehearing of a cause, then to present, for the first time, a question for the consideration of the Supreme Court.

SAME.—*Bill of Exceptions.*—A statement of fact, alleged as cause in a motion for a new trial, must be shown by a bill of exceptions to be true, or alleged error, based thereon, will not be considered by the Supreme Court.

NEW TRIAL.—*Practice.—Evidence Excluded.*—The evidence intended to be elicited by a question put to a witness but excluded by the court must be plainly stated to the court at the time such question is asked, to make such exclusion available as cause for a new trial.

From the Knox Circuit Court.

*W. H. De Wolf, S. N. Chambers, G. G. Reily* and *W. C. Johnson,* for appellant.

*H. S. Cauthorn, J. M. Boyle* and *S. W. Williams,* for appellee.

HOWK, J.—This was an action by appellee, as plaintiff, against the appellant, as defendant, in the court below, to recover damages for an alleged malicious prosecution of the appellee by the appellant.

The appellee alleged, in substance, in his complaint, that he had always been of good repute, and, by his conduct, had deservedly acquired and possessed the good opinion and credit of his friends and neighbors, and, until the commission by the appellant of the grievances mentioned in said complaint, had never been suspected or charged with having committed the crime of forgery or any other felony whatever; but that the appellant, well knowing the premises, heretofore, to wit, on February

7th, 1874, at the February term of the court below, falsely, maliciously and without any reasonable or probable cause whatever, indicted, and caused and procured to be indicted, by the grand jurors of said Knox county, and State of Indiana, the appellee in this action, for the crime of forgery, by causing and procuring to be returned into said court, by said jurors, an indictment against the appellee, for said crime, in this, to wit, charging the appellee with having, *first,* unlawfully, feloniously and falsely forged and counterfeited an endorsement of an order, with intent to defraud one Charles Graeter, and, *second,* unlawfully, feloniously and falsely forged and counterfeited an endorsement of said order, for the purpose and with the intent to defraud one, "The First National Bank," —said charges being in manner and form as shown by said indictment, a copy of which was filed with and made a part of said complaint; that the appellant, afterward, falsely and maliciously, and without any reasonable or probable cause, prosecuted and caused to be prosecuted, the said indictment against the appellee, until the appellee was, afterwards, at the February term, 1874, of the court below, on the — day of February, 1874, tried, in due manner and due course of law, upon said indictment, by a jury of his country, and was by said jury acquitted of the said premises in said indictment charged, and therefore, by the judgment of the court below, the appellee in this cause was acquitted thereof, and permitted to go thence without day; and that by means thereof, the appellee had been damaged and injured in his reputation, good name and fame, by the said false and malicious acts of the appellant, in the sum of ten thousand dollars; for which sum, and for all other proper relief, the appellee demanded judgment against the appellant.

The appellant demurred to appellee's complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and to this decision the appellant excepted.

Appellant then answered appellee's complaint, in two paragraphs, to wit:

1st.   A general denial; and,

2d.   A special defence.

Appellee demurred to the second paragraph of appellant's answer, for the want of sufficient facts therein to constitute a defence to this action.   This demurrer was sustained by the court below, and appellant excepted; but as appellant has not, in this court, assigned this decision of the court below as error, we need not notice further the second paragraph of the answer.

The action being at issue was tried by a jury, in the court below, and a verdict was returned for the appellee, assessing his damages at four hundred dollars.   Upon written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and to this decision appellant excepted, and a judgment was rendered upon the verdict, in favor of the appellee and against the appellant.

In this court, the appellant has assigned the following alleged errors:

1st.   The overruling by the court below of appellant's demurrer to appellee's complaint; and,

2d.   The overruling by the court below of appellant's motion for a new trial.

First.   In his argument of this cause, in this court, the appellant has wholly failed to allude, even, to the first alleged error.   In accordance with the well established practice of this court, in such cases, we consider this course, on the part of the appellant, as tantamount to an express waiver by him of the alleged error, even if such error really existed.

Second.   Several causes were assigned by appellant for a new trial, in his motion for that purpose.   In considering the questions presented by the second alleged error, however, we will pass upon and decide only such of those questions as appellant's counsel have directed our atten-

tion to, in their well considered brief of this cause. In so doing, we shall consider those questions in what we regard as their natural order, and not in the order adopted by appellant's counsel.

Among the causes for a new trial, assigned by appellant, were errors of law, occurring at the trial, and excepted to at the time by the appellant. One of these alleged errors of law was thus stated in appellant's motion for a new trial, to wit:

"In refusing to permit the defendant to ask O. H. Cobb, a witness for defendant, whether or not the check drawn by William Baker, in favor of Charles Graeter, for two hundred and fifty-six and $\frac{15}{100}$ dollars, said check and endorsement having been read in evidence, was read in evidence on the trial of the indictment against said Williams, the plaintiff?"

When we look at the bill of exceptions, which is properly in the record, and which we are bound to receive as "absolute verity", on every matter correctly embraced therein, we find that the question which the appellant actually propounded to the witness, O. H. Cobb, and to which the appellee objected and the court below sustained the objection, was in these words:

"Was the check, and the endorsement thereon, 'Charles Graeter, S. W. W.', read in evidence, and, if not, why not?"

This was the only question propounded by appellant to the witness, Cobb, and objected to by appellee, and the objection sustained, as shown by the bill of exceptions. It will readily be seen, that there is a wide difference between the latter question and the question set out in appellant's motion for a new trial. And the court below, which sustained appellee's objection to this latter question, might well have said, when appellant's motion for a new trial was presented, that it had never sustained any objection to any such question as the one recited in said motion. It will be seen, that if it were conceded that the decision

of the court below, in merely sustaining an objection to a question to a witness, without any thing else being shown in connection therewith, presented any inquiry for our consideration, we would be bound to hold that the bill of exceptions did not show that the court below had made any such decision as the one set out and complained of in appellant's motion for a new trial, as alleged error of law, in sustaining appellee's objection to the particular question set out in said motion.

But where a party, on the trial of a cause, has propounded a question to a witness, with the view of eliciting evidence, to which question an objection has been sustained by the court, such party can not, by simply saving an exception to the decision of the court, in sustaining such objection, get error into the record, which will be available to him in this court. In such a case, the party must go farther, and state to the court in which his cause is being tried, clearly and explicitly, what the evidence is, which he offers to adduce, and which he expects to elicit from certain competent witnesses. Then, if the court decides that such offered evidence is inadmissible, and excludes it, and the party, at the time, excepts to such decision, and if the party assigns such decision as alleged error of law, occurring at the trial and excepted to at the time, as a cause for a new trial, in his motion for that purpose, clearly specifying and pointing out in such motion the excluded evidence, and if the party will then, by proper bill of exceptions, get the offered evidence, the decision of the court thereon, and his exceptions to such decision, into the record,—then the party will have his record so constructed, that this court can take cognizance of, and decide upon, the alleged erroneous ruling of the court below, in excluding his offered evidence. But where, as in the case at bar, the question presented is, whether or not the court erred in sustaining an objection to a particular question, and we have not been informed, but are left to conjecture, what would have been the an-

swer,—we can not say whether or not the court below erred in its ruling; but we can say, with positive certainty, that the appellant, by his exception saved, has presented no available error of the court below, if any such existed, for our determination. *Mitchell* v. *Chambers, ante,* p. 289.

Among the errors of law occurring at the trial, and excepted to at the time by the appellant, and complained of in his motion for a new trial, were certain instructions, given by the court below, of its own motion, to the jury trying the cause. In his brief of this cause, in this court, every word said by the appellant, of and concerning the instructions of the court below to the jury, is contained in the following sentence :

" There were several exceptions to the instructions given by the court, many of which, it is submitted, were well taken."

That sentence contains appellant's entire argument in contravention of the law applicable to this case, as stated and given to the jury in the instructions of the court below. The fact that " There were several exceptions to the instructions given by the court " is apparent on the face of the record. But that many, or even any, of these exceptions " were well taken," does not appear on the face of the record or elsewhere; and if appellant's counsel believed that any of these exceptions were well taken, it would have been better, perhaps, for their client, and might have aided us in the discharge of our duty, if they had indicated to us, in some manner, in what particulars, if any, they thought that the instructions of the court below, to the jury trying the cause, were erroneous. We have carefully read the instructions given to the jury, and we have no hesitation in saying, that, in our opinion, these instructions of the court below contained a full and fair statement of the law applicable to the facts of this case, as the same were developed by the evidence adduced on the trial.

Appellant also insists that the court below erred on the

trial of this cause, in this, that the court refused to give an instruction to the jury, asked for by the appellant. This instruction was in these words :

" If the jury believe that the acts of the plaintiff, which had come to the knowledge of the defendant, pertaining to the check and its endorsement, were such as would lead a man in the defendant's position, of ordinary caution and prudence, to believe or entertain an honest suspicion that the plaintiff was guilty of forgery, they should find for the defendant."

The court below committed no error in refusing to give this instruction to the jury. It did not and does not state the law of this State, applicable to this case. In the case of *Lawrence* v. *Lanning*, 4 Ind. 194, it was held by this court, that the mere belief that a person had been guilty of a crime was not sufficient to authorize a criminal prosecution against him. " There must have been reasonable and probable cause for instituting the criminal proceeding."

The doctrine of the case cited has been since approved and followed by this court, in *Lacy* v. *Mitchell*, 23 Ind. 67, and in *Hayes* v. *Blizzard*, 30 Ind. 457. It is hardly necessary for us to add that mere suspicion, honest or otherwise, will not authorize the institution of a criminal prosecution.

The only other matters, urged upon our consideration by the appellant's counsel, are, that the verdict of the jury trying the cause was not sustained by sufficient evidence, and was contrary to law. These matters have been ably and elaborately discussed by the attorneys of both appellee and appellant. It is unnecessary for us, however, to follow counsel in this discussion. It is clear to our minds that this action was fairly tried in the court below, and that competent evidence, tending to sustain each material averment of appellee's complaint, was adduced before the court and jury trying the cause. Where this is the case, this court will not disturb the verdict on the mere weight of the evidence. So this court has uniformly

decided, since its earliest organization, and so we now decide.

In conclusion, we hold that the court below did not err, in overruling appellant's motion for a new trial.

The judgment of the court below is affirmed, at the appellant's costs.

## On Petition for a Rehearing.

Howk, J.—In the appellant's motion for a new trial of this cause, in the court below, one of the causes assigned for such new trial was alleged error of law, occurring at the trial and excepted to, in certain instructions given by the court, of its own motion, to the jury trying the cause. In his argument of this cause, in this court, the appellant failed to discuss these alleged erroneous instructions, or to indicate to us, in any manner, wherein the instructions or any of them were erroneous. In the original opinion in this case, we passed over these instructions, thirteen in number, without any special consideration. This was done in strict conformity with the well established practice of this court, to consider any alleged error, which is not discussed in this court by the party complaining thereof, as thereby waived. *Breckenridge* v. *McAfee*, 54 Ind. 141.

The appellant has now filed a petition for a rehearing of this cause, upon the express and only alleged ground that one of the said instructions of the court below to the jury trying the cause was erroneous, and in his petition he has discussed for the first time, in this court, this alleged error of the court below. The petition for a rehearing is therefore based upon a ground which was neither presented by appellant nor specially considered by this court, on the first hearing of this cause. In the case of *Yater* v. *Mullen*, 24 Ind. 277, Frazer, J., said: "It is, by the well settled practice of this court, too late to present a question for the first time on a petition for

rehearing." The rule of practice referred to was approved by this court, in the cases of *Heavenridge* v. *Mondy*, 34 Ind. 28, and *Brooks* v. *Harris*, 42 Ind. 177.

In our opinion, this rule of practice is a wise one, and ought to be applied in this case.

Appellant's petition is therefore overruled.

Opinion on petition for rehearing filed at the May term, 1877.