Bitting v. Ten Eyck.

No. 8708.

## BITTING v. TEN EYCK.

MALICIOUS PROSECUTION.—*Probable Cause.—Evidence.—Instruction.*—An acquittal of a criminal charge is not evidence of the want of probable cause for the prosecution, and it is not error in a suit for malicious prosecution to refuse to instruct that a verdict acquitting the plaintiff of a criminal charge is *prima facie* evidence of his innocence.

SAME.—*Invading Province of Jury by Instruction.*—An instruction to the jury, in such a suit, that it appears there were two such suits (forcible entry and detainer), one criminal and the other civil; both were undertaken, it would appear, on the theory that B. (the plaintiff) was wrongfully and forcibly detaining from the defendant fifteen acres of land,—is erroneous, inasmuch as it states an inference from the evidence, which it was the province of the jury and not the court to draw.

SAME.—*Practice.*—It is error to give inconsistent instructions to the jury.

SUPREME COURT.—*Rehearing.*—Where a party, in the Supreme Court, having had abundant time, makes no argument until after the opinion is filed, a petition for a rehearing, merely objecting to the record and asking a decision of matters which he claims were overlooked by the court, will not be considered.

From the Carroll Circuit Court.

*M. Jones*, *J. L. Miller*, *W. F. Severson*, *J. R. Coffroth* and *T. A. Stuart*, for appellant.

*J. M. LaRue* and *F. B. Everett*, for appellee.

BICKNELL, C. C.—This was a suit by the appellant against the appellee for malicious prosecution.

It was commenced in the superior court of the county of Tippecanoe, and tried in the Carroll Circuit Court.

There are ten paragraphs in the complaint, each of them representing a separate cause of action, except the first and second paragraphs, which are for the same prosecution. The complaint, therefore, contains nine distinct causes of action, for which the aggregate damages claimed are $30,000.

The first and second, and the third, fourth and fifth paragraphs charge prosecutions, malicious and without probable cause, for forgery. The first and second aver the conviction of the appellant, and his sentence to the State's prison for two years, the reversal of the judgment, and the final acquittal of the appellant. The third, fourth and fifth paragraphs allege the acquittal of the appellant in each case.

The sixth, seventh and eighth paragraphs charge separate prosecutions, malicious and without probable cause, for perjury, and the acquittal of the appellant in each case.

The ninth and tenth paragraphs charge like prosecutions for forcible entry and detainer, and the acquittal of the appellant in each of these cases.

Demurrers to each of said paragraphs for want of facts, etc., were overruled. A motion to strike out part of the complaint was sustained. The appellee answered by a general denial, and the issues were tried by a jury, who found for the defendant, the appellee. A motion for a new trial, and a motion in arrest of judgment, were overruled; judgment was rendered upon the verdict. The appellant assigns for error the overruling of the motion for a new trial.

Among the reasons for a new trial are the following:

The court erred in refusing to give to the jury, at the request of the plaintiff, instructions Nos. 14, 15 and 17, and in giving to the jury, at the request of the defendant, instructions Nos. 1, 2, 3, 4, 5, 6, 8, $10\frac{3}{4}$, $12\frac{1}{2}$, 14, 20, 21, 18, $19\frac{1}{2}$ and

19, and in giving to the jury, of its own motion, instructions Nos. 1, 2, 3, 4, 5 and 6.

To recover in a case of this kind, the plaintiff must show that the defendant instigated the prosecution maliciously and without probable cause, and that the prosecution was ended before suit brought.

To show that the defendant instigated the prosecution, it may be proved that he employed counsel therefor, or gave instructions, or paid expenses, or procured witnesses, or stated that he had put the plaintiff in the penitentiary, or that the defendant was in any way active in forwarding the suit.

The end of the prosecution is generally shown by the acquittal of the plaintiff. To prove malice, it must be shown that the charge was wilfully false. Any unlawful act, done wilfully and purposely to the injury of another, is, as against him, malicious. Malice may be implied from circumstances, such as the defendant's conduct and his declarations, and his forwardness and activity in publishing the proceedings. Proof that the defendant never sincerely believed the plaintiff guilty of the charge for which he was prosecuted, tends to show malice in the defendant, and malice may be inferred by the jury from the want of probable cause.

But want of probable cause can not be inferred from malice proved. There may be malice, and also probable cause, and in that case the action for malicious prosecution can not be maintained. Probable cause is conduct of the accused tending to show that the prosecution was undertaken from public motives, or such facts as would induce a reasonable man to commence a prosecution, or circumstances sufficient to warrant a prudent man in the belief that the party is guilty, or such a state of facts as would lead a man of ordinary caution and prudence to entertain a belief of the guilt, but a mere suspicion, or even an honest belief of the guilt, without facts to support it, does not show probable cause. *Graeter* v. *Williams*, 55 Ind. 461.

If the defendant can show such facts as would induce a rea-

sonable and prudent man to believe the plaintiff guilty, then he is not liable for malicious prosecution, whatever may have been his own personal malice, provided it be made to appear that the defendant had knowledge of such facts when he instituted the prosecution. *Galloway* v. *Stewart*, 49 Ind. 156 (19 Am. R. 677). The conviction of the plaintiff is always evidence of probable cause, unless it was obtained chiefly or wholly by the false testimony of the defendant; generally, it is conclusive evidence of probable cause. *Parker* v. *Farley*, 10 Cush. 279; *Parker* v. *Huntington*, 2 Gray, 124. And it has been held sufficient evidence of probable cause to show that the plaintiff was convicted of the offence before a justice of the peace who had jurisdiction, although he was afterwards acquitted on an appeal. *Whitney* v. *Peckham*, 15 Mass. 243; *Griffis* v. *Sellars*, 2 Dev. & Bat. 492. But, where the defendant in a criminal prosecution was found guilty and a new trial was granted by the same court, and subsequently a *nolle prosequi* was duly entered, and the defendant was thereupon discharged, it was held that the finding of guilty, having been set aside, was no evidence of probable cause. *Richter* v. *Koster*, 45 Ind. 440. But an acquittal does not tend to show want of probable cause; there may have been ample cause, notwithstanding the acquittal. Upon the application of the foregoing principles to the instructions asked for by the appellant and refused by the court, it follows that there was no error in refusing instructions Nos. 14 and 15; of these, the former asserted that "the acquittal and discharge of the appellant were *prima facie* evidence that the prosecutions were begun without probable cause;" the latter asserted that "the verdict of the jury acquitting the appellant was *prima facie* evidence that he was innocent of the charge." Instruction No. 17, asked for by appellant and refused by the court, was substantially given in No. 1 of the instructions given by the court of its own motion.

Instruction No. 14, given by the court at the request of the appellee, begins as follows: "As to the forcible entry and detainer proceedings, it appears that there were two such suits;

one was in the nature of a criminal, and the other a civil, suit; both were undertaken, it would appear, upon the theory that Bitting was wrongfully and forcibly detaining from him, Ten Eyck, this fifteen acres of land."

The court had no right to assume that the prosecutions were undertaken upon a certain theory, and then tell the jury what that theory was; the theory of the prosecutions embraced the motive thereof. The appellant in his complaint had charged that the prosecutions were malicious and without probable cause. This the appellee had denied. It was the duty of the jury to determine whether the prosecutions were malicious and without probable cause or not, and when the court assumed that the prosecutions were founded on a certain theory, and told the jury that theory, on which, in the opinion of the court, the prosecutions were based, the court was making an inference from the testimony. It was the business of the jury to do that, and to determine for themselves what the theory or motive of the prosecutions was. The court erred in giving to the jury charge No. 14 asked for by the appellee.

In No. 21 of the instructions given to the jury at the request of the appellee, the court told the jury that "the mere employment of counsel by Ten Eyck to assist in the prosecution against Bitting is not evidence of malice." The court also told the jury in No. 1 of the instructions given by the court of its own motion, that "for the purpose of determining whether or not the prosecutions complained of, or some of them, were malicious, it is proper for you to take into consideration whether or not Ten Eyck employed counsel to aid in the prosecution."

These two instructions contradict each other. In *Somers* v. *Pumphrey*, 24 Ind. 231, it was held that it is error for the court to give to the jury instructions which are inconsistent with each other, and which leave the jury in doubt which to believe. There is no substantial error in the remainder of the instructions complained of. As the judgment must be reversed for the errors already pointed out, it is not neces-

sary to consider the other reasons alleged for a new trial. The judgment of the court below ought to be reversed and a new trial awarded.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—After the appellee joined in error on the record, this cause was pending here for a year and ten months. In all that time the appellee filed no brief. He now files a petition for a rehearing for the purpose of objecting to the record, and obtaining a decision of certain matters which he claims were overlooked by the court.

The petition for a rehearing ought to be overruled on the authority of *Board of Commissioners, etc.,* v. *Hall,* 70 Ind. 469, and cases there cited; and *Porter* v. *Choen,* 60 Ind. 338.

PER CURIAM.—The petition for a rehearing is overruled.