Filed Dec. 19, 1884.

———————◆———————

No. 11,981.

BENSON *v.* BACON.

PRACTICE.—*Pleading.*—*Harmless Error.*—A judgment will not be reversed for erroneously overruling a motion to strike out part of a pleading.

ASSAULT AND BATTERY.—*Trespass.*—*Complaint.*—A complaint to recover damages for an assault and battery need not aver in terms that the assault and battery was unlawful.

MALICIOUS PROSECUTION.—*Complaint.*—In a complaint for malicious prosecution, the want of probable cause is properly shown by general averment of the fact, and it is not necessary or proper to allege the evidence of the fact.

SAME.—*Probable Cause.*—*Instruction.*—In such case an instruction that if the prosecution alleged was not set on foot for a public purpose, then there was no probable cause, is erroneous.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellant.
*C. W. Cook*, for appellee.

ELLIOTT, J.—It is established by many decisions of this court that a judgment will not be reversed on the ground

that a motion to strike out a part of a pleading was improperly overruled.

The first paragraph of the complaint seeks to recover for injuries resulting from an assault and battery alleged to have been committed upon the appellee by the appellant. The objection urged to this paragraph of the complaint is that it does not employ the word "unlawful" in charging the assault and battery. The approved precedents do not contain the word *unlawful* or its equivalent, and we are not willing to hold the complaint bad because of the omission to use this term. 2 Works Pr. 645; 2 Chitty Pl. (13 Am. ed.) 852; Bullen & Leake Prec. 411; Oliver Prec. 719; 1 Estee Pl. 560. It is true that in indictments it is necessary to use the term unlawful or its equivalent, but it is well known that there is an essential difference between civil actions and criminal prosecutions. *Howard* v. *State*, 67 Ind. 401. If, however, we are in error in yielding to the authority of the precedents which have so long ruled pleaders, we should still be compelled to hold the pleading good. The reason for this is, that the facts specifically pleaded show that the assault and battery was an unlawful one. *Bloom* v. *Franklin Life Ins. Co.*, 97 Ind. 478; *Norris* v. *Casel*, 90 Ind. 143.

The second paragraph of the complaint alleges as a cause of action that the defendant instituted a malicious prosecution against the plaintiff without probable cause. The defect which counsel suppose exists in this paragraph is that it does not state the facts constituting the want of probable cause. In our opinion the defect is an imaginary and not a real one. The want of probable cause is a fact, and it is always sufficient to state the facts without pleading the evidence which proves the fact. *Scotten* v. *Longfellow*, 40 Ind. 23; 2 Works Pr. 646; 2 Chitty Pl. 616; *Adams* v. *Lisher*, 3 Blackf. 241 (25 Am. Dec. 102). It would be impracticable, and indeed almost impossible, for a plaintiff to specifically set forth the facts constituting a want of probable cause, for, owing to the negative form of the fact, it would be necessary for him to anticipate and an-

swer every conceivable state of facts that might constitute probable cause. When the defendant justifies the case is different, for, as he pleads affirmative facts, known to him and upon which his acts were based, he can set them out affirmatively, and it seems to be the rule that where he pleads affirmatively and by way of justification, he must plead the facts specially. *Brown* v. *Connelly,* 5 Blackf. 390. The cases which counsel cite to sustain their attack upon the complaint, *Adams* v. *Lisher, supra,* and *Hays* v. *Blizzard,* 30 Ind. 457, are against and not for them. In the latter case the allegation in the complaint upon this point was not stronger than in the present, and it was held that the demurrer was properly overruled.

The fourth instruction given upon the request of the plaintiff reads thus : " The jury are instructed that if they believe from the evidence that the prosecution of the plaintiff as shown by the evidence was not undertaken by the defendant for a public purpose, then the defendant had not probable cause."

In support of this instruction the appellee quotes from the text of a standard author the following : " Probable cause * * is understood to be such conduct on the part of the accused as may induce the court to infer that the prosecution was undertaken from public motives," and from a note to the text he quotes the following : " The plaintiff must show that the conduct of the defendant was such as to lead to the inference that the prosecution was not undertaken from public purposes." 2 Greenl. Ev., section 454. The appellee, in asserting that his instruction is sustained by the doctrine declared in the extracts quoted, violates a plain rule of elementary logic. It is by no means true that because the plaintiff must exclude the inference that the defendant undertook the prosecution for public purposes, therefore, there is no probable cause unless it be shown in defence that he did undertake it for that purpose. If there was probable cause for instituting the prosecution,

Benson *v.* Bacon.

then the person who instituted it is not liable to an action for malicious prosecution although he was not influenced by a desire to promote the public good. It can not, therefore, be inferred from evidence that the prosecution was not undertaken for a public purpose, that there was no probable cause. If it be shown that there was probable cause for the prosecution, then the defence is made out, although it may not be proved that the prosecution was undertaken for a public purpose. It is not necessary to show facts constituting probable cause, and, in addition to showing such facts, also show that the motive which influenced the defendant in setting the prosecution on foot, was to promote the public good. If the facts within the knowledge of the defendant were such as would have induced a prudent man, acting for the public good, and not influenced by ill-will or malice, to institute the prosecution, then there was probable cause, and if probable cause the defendant can not be held liable, even though he may have been influenced by ill-will. The fact that there was ill-will or malice may, no doubt, be considered in determining whether there was or was not probable cause, but from the fact alone that the prosecution was not undertaken from public motives, want of probable cause can not be inferred as a matter of law. Professor Greenleaf says that " the want of probable cause is a material averment," and that " It is independent of malicious motive, and can not be inferred, as a necessary consequence, from any degree of malice which may be shown." 2 Greenl. Ev., section 454.

As the judgment must be reversed for the error committed in giving the fourth instruction, it is unnecessary to discuss or decide the other questions argued. Judgment reversed.

Filed Dec. 20, 1884.