Filed Jan. 23, 1885.

---

No. 11,951.

## McCASLAND *v.* KIMBERLIN.

MALICIOUS PROSECUTION.—*Instruction.*—*Malice.*—*Probable Cause.*—In an action for malicious prosecution, an instruction informing the jury that malice may be inferred from the want of probable cause, but that the want of probable cause can not be inferred from malice, is right.

SAME.—*Evidence.*—*Witness.*—*Impeachment, Credibility After.*—In such case, if the defendant testifies as a witness, and impeaching testimony, regarding his reputation for truth and veracity, has been offered against him,

it is not erroneous for the court to instruct the jury that they are to determine his credibility under all the facts and circumstances as proved, and that if he " gave a fair, candid and honest statement " of the whole transaction in controversy, they should not disregard his testimony.

From the Sullivan Circuit Court.

*J. C. Briggs, C. E. Barrett, J. T. Hays* and *H. J. Hays*, for appellant.

*W. S. Maple, J. S. Bays, J. J. Beasley* and *A. B. Williams*, for appellee.

BEST, C.—The appellant brought this action for an alleged malicious prosecution. Issue, trial, verdict and judgment for the appellee. A motion for a new trial, on the ground that the verdict was contrary to the evidence, and that the court erred in charging the jury, was overruled, and this ruling is assigned as error.

The evidence is in the record, and we conclude from an examination of it that the verdict is fully supported by it. We can not, therefore, disturb the judgment upon such ground.

No substantial objection is urged to the sixth, seventh and eighth instructions. These define probable cause, and are substantially such as were approved in *Lacy* v. *Mitchell*, 23 Ind. 67, *Hays* v. *Blizzard*, 30 Ind. 457, and *Richter* v. *Koster*, 45 Ind. 440.

The ninth instruction informs the jury that malice may be inferred from the want of probable cause, but the want of probable cause can not be inferred from malice. This was right. *Oliver* v. *Pate*, 43 Ind. 132; *Benson* v. *Bacon*, 99 Ind. 156.

The tenth instruction does not inform the jury that the fact that an indictment was found against the appellant was conclusive evidence of probable cause, and it is, therefore, not in fact subject to such objection.

The first, second and third instructions, given at the instance of the appellee, are questioned. No specific objection is made to either of them, and an examination of them leads us to the conclusion that none exists.

The fourth instruction asked by the appellee informed the

jury that while the law permitted the impeachment of a witness by proof that his reputation for truth and veracity was bad, they were to determine his credibility under all the facts and circumstances as proved upon the trial, and that if the appellee, who testified as a witness, and against whom such impeaching testimony had been offered, " gave a fair, candid and honest statement of the facts and circumstances surrounding the whole transaction in controversy, then they should not disregard his testimony."

This instruction was not erroneous. If the jury believed the witness notwithstanding his attempted impeachment, it was their duty to consider his testimony. *Smith* v. *Grimes,* 43 Iowa, 356.

This disposes of all the questions in the record, and as the judgment is not erroneous, it should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Jan. 28, 1885.