May Term,
1833.

ADAMS
v.
LISHER.

---

## ADAMS v. LISHER.

The declaration in an action of malicious prosecution, only professed to set out the substance of the prosecution, which was for a misdemeanor. *Held*, that the record of acquittal could not be objected to as evidence, for a variance in a mere matter of form, between it and the proceedings stated in the declaration.

The transcript of a record of the District Court of the *United States* for this state, under the seal of the Court, and certified by the clerk to be a complete copy of the record,—is admissible as evidence in the Courts of this state.

If, in an action of malicious prosecution, the plaintiff be proved guilty of the offence for which he had been prosecuted, he cannot recover, though his guilt was not known to the defendant at the commencement of the prosecution.

ERROR to the *Shelby* Circuit Court.

STEVENS, J.—*Lisher* declared against *Adams* for a malicious prosecution. The declaration contains two counts. The first

*Friday,*
*May* 31.

count in substance charges, that *Adams* falsely, maliciously, and without any probable or reasonable cause, prosecuted *Lisher*, in the District Court of the *United States* for the district of *Indiana*, in an action of trespass for cutting timber on the land of the *United States;* and caused a writ of *capias ad respondendum* to issue thereon, out of said Court, against him; and caused him to be taken into custody and imprisoned by the marshal of the district, and kept and detained in custody and prison, by the marshal, for the space of one day; that at the end of that time, he was duly discharged out of custody and prison, and fully acquitted, &c. The second count is in substance like the first, only it is averred that the defendant was compelled to appear before the District Court and answer to the *action;* and that the Court, after hearing, adjudged and determined that he was not guilty of the trespass, and discharged and acquitted him, &c. An issue was joined on the plea of not guilty, which was tried by a jury, and a verdict and judgment rendered for the plaintiff.

It appears of record by a bill of exceptions, that the plaintiff offered in evidence to the jury, to support his declaration, a certain transcript of a record of said District Court, under the seal of said Court, and certified by the clerk thereof in these words,—"I, *Henry Hurst*, clerk of the Court aforesaid, do hereby certify that the foregoing is a full, true, and complete copy of the record in the above entitled cause, as the same remains of record;" to the introduction of which the defendant objected, but the objection was overruled and the transcript was received as evidence. It also appears of record by another bill of exceptions, that the plaintiff asked the Court to charge the jury, that although the plaintiff was guilty of cutting certain poplar trees on the land in the declaration mentioned, yet if that fact was unknown to the defendant at the time he caused the action of trespass to be commenced, the prosecution was malicious, and the prosecutor was liable to the plaintiff in this action for a malicious prosecution. To this instruction the defendant objected, but the objection was overruled and the instruction given as asked.

The counsel for the plaintiff in error has raised several questions for the consideration of this Court.

The first question is, whether the declaration contains a sufficient cause of action? The declaration is not very aptly or

technically drawn, but we think it is substantially good. If, however, it is not strictly good, the objection comes too late: it contains a sufficiency to sustain the proceedings, after a trial by jury on the merits.

The next question is, did the Court err in permitting the transcript of the record of the *United States'* District Court, to go to the jury in evidence? The transcript is, by the bill of exceptions, spread upon the record, and is correctly before us.

The first objection raised to show its inadmissibility as evidence, is, that there are variances between it and the record described in the declaration, which ought to exclude it. This objection as to the matter of fact is true; it evidently appears that there are variances between some of the allegations in the declaration and the transcript, but it does not follow of course, that it should have been for that excluded. In actions of this sort, the proceedings in the prosecution of the suit should be stated correctly; and the charge against the plaintiff, and the judicial proceedings thereon, should also be stated as they exist, so as to correspond with the facts, and with the record of acquittal: and if the prosecution is for a felony, the allegations can only be proved by the record; but if it is a civil suit, or a prosecution for a mere misdemeanor, the strictness in the pleadings is much relaxed, and the allegations may generally be proven by other evidence, unless the declaration is special, referring to the proceedings as they remain of record. 1 W. Bl. Rep. 385.—1 T. R. 493.—2 Saund. Pl. & Ev. 199. The prosecution or suit on which this action is bottomed, stands on the foot of a mere misdemeanor; the allegations in the declaration are general, setting out the substance only of the proceedings, and do not refer to the proceedings as they remain of record; and as the points of variation are not matters of material substance, the transcript as to that objection was correctly admitted. 2 Chitt. Pl. 300, note d.—5 Price, 540.—2 Saund. Pl. & Ev. 188.

The next objection to the transcript, is, that it is not sufficiently authenticated. A record of a District Court of the *United States*, is not within the statute of the *United States*, prescribing the mode in which the records and judicial proceedings of the state Courts shall be authenticated. This state has no statute which we think meets the case, and, therefore, we must decide upon the sufficiency of the evidence upon some

reasonable and fixed rule. The mode in which this transcript is certified, is the ordinary mode of certifying domestic records in use, in the several states, instead of the technical exemplification. We are of opinion that the authentication is sufficient, and that the evidence was correctly received. Such is the rule in the state of *New-York*. *Pepoon* v. *Jenkins*, 2 Johns. Cas. 119.

The last error complained of, is the instruction of the Court to the jury, that although the plaintiff was guilty of cutting some poplar trees on the land in question, as charged in the declaration, yet, if that fact was unknown to the defendant at the time he caused the action of trespass to be commenced, the prosecution was malicious, and the defendant was liable to the plaintiff for a malicious prosecution. The grounds of this action are malice either express or implied, and the want of probable cause; both must exist, or the action cannot be maintained. From the want of probable cause, malice may be implied; but the want of probable cause can never be implied from the proof of malice. The direct proof of the most intense malice is not sufficient; there must be proof also of the want of probable cause, or the suit must fail. The want of probable cause is never implied. There is a distinction between malicious arrests in civil suits, between individuals prosecuted for the private benefit of the plaintiff, and a malicious prosecution of an offence, misdemeanor, or wrong, which affects the public. In the latter case, the prosecutor is much more favoured than in the other. It is a rule of law which seems to be founded on principles of policy, convenience, justice, and necessity, that the prosecutor of a wrong that affects the public, shall be protected, provided he has probable cause, however malicious his private motives may have been; for although he may have intended ill, still good may arise to the public. 1 T. R. 493.— *White* v. *Dingley*, 4 Mass. R. 433.—*Lindsay* v. *Larned*, 17 Mass. Rep. 190.—*Vanduzor* v. *Linderman*, 10 Johns. Rep. 106.—2 Stark. Ev. 911.—2 Wils. 302.—2 Saund. Pl. & Ev. 195.—1 Sw. Dig. 491.

This suit is founded on a prosecution set on foot by the defendant against the plaintiff, for a wrong that affects the public, and, therefore, the defendant stands on the footing of the most favoured class of prosecutors. It was an action of trespass for cutting and carrying away from lands belonging to the public, timber, that is to say, two poplar trees, and one hickory tree, &c.

The gist of that action was the trespass, and proof of cutting and carrying away any one of those trees, would be sufficient to sustain the action; and if he were guilty of the trespass, he cannot maintain this action, although he may have been acquitted in the District Court, where he was prosecuted; and it is immaterial whether the defendant knew him guilty or not, if he can now prove the fact that he was guilty, or if he can even prove that there was probable cause to suspect him of being guilty, it is sufficient for him.

· *Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

· *W. W. Wick*, for the plaintiff.

*C. Fletcher*, for the defendant.