May Term,
1847.

The State
v.
Woolverton.
and that whenever such sale may be made as aforesaid, all junior incumbrancers on the land so sold, by judgment, &c., shall have the right to redeem any real estate, sold as aforesaid, in the same manner that the execution-defendant might have redeemed, at any time within thirty days after the expiration of said twelve months. Acts of 1841, p. 130.

*A. Kinney* and *S. B. Gookins*, for the appellant.

---

### The State *v.* Woolverton.

An indictment for perjury cannot be maintained where the supposed perjury depends upon the construction of a deed.

ERROR to the *Vermillion* Circuit Court.

PERKINS, J.—Indictment for perjury. Indictment quashed in the Circuit Court.

May Term, 1847.

THE STATE v. WOOLVERTON.

The indictment charges that a suit was pending before two justices of the peace wherein *Stephen S. Collett* was plaintiff and *Abel Woolverton* was defendant, in which suit said *Woolverton,* who is the defendant to the indictment, filed the following plea: "And for a further and second plea the said defendant says that the title of lands is in controversy in this cause; that a deed of defeasance was made to this defendant by the said plaintiff, *Collett;* and that by the outstanding title in this cause, he will be enabled to show that said *Collett* has no right to the possession of the lands set forth in said *Collett's* complaint; and that the title to lands is in issue in this cause; and this he is ready to verify. *Abel Woolverton.*" This plea is charged to have been sworn to before competent authority. The assignment of perjury upon it is as follows: "Whereas, in truth and in fact at the time the said *Abel Woolverton* took his oath and made his affidavit as aforesaid, the title of lands was not in issue in the said cause, nor was the title of lands in controversy in the said cause at the time of making the said affidavit and taking the said oath by the said *Abel Woolverton,*" &c.

Thursday, July 15.

It will be observed that the existence of the deed of defeasance is not denied, and it is very clear to us that the assertions in the plea upon which the perjury is assigned, "that the title of lands is in controversy," and " that the title to lands is in issue in this cause," are but the mere opinions of *Woolverton* as to the legal effect of said deed of defeasance, and being so, they will not support an indictment for perjury. The case of *Rex* v. *Crespigny,* 1 Esp. R. 280, is directly in point. That was an indictment for perjury, founded upon an affidavit of *Crespigny,* that he had not authorized one *Dickinson* to use his name in suing one *Utterson,* upon a claim which, among many others, he, *Crespigny,* had transferred by a certain deed of assignment to said *Dickinson.* Whether he had authorized such use of his name depended upon the construction given to that deed of assignment, and Lord *Kenyon* held that an indictment for perjury could not be maintained where the supposed perjury depended upon the

construction of a deed, and directed the jury to acquit the defendant.

In this case, the whole of the affidavit being set forth in the indictment, the question on the construction of the oath is presented upon the motion to quash.

*Per Curiam.*—The judgment is affirmed.

*A. A. Hammond* and *J. H. Bradley*, for the state.

*W. P. Bryant* and *J. A. Wright*, for the defendant.