Davis v. Cook.

Judgment reversed.

*A. Hall*, for appellant.

*J. C. Knapp*, for appellee.

————o o-o————

DAVIS v. COOK.

In an action for malicious prosecution the plaintiff must not only prove malice, but he must also show a want of probable cause.

APPEAL *from Mahaska District Court.*

*Opinion by* GREENE, J. David Cook filed a petition against Joseph Davis for malicious prosecution. Answer, denies all the allegations of the petition. Replication avers truth of petition. Verdict for the plaintiff, and his damages assessed at one hundred and fifty dollars.

On the trial, the court instructed the jury as follows: "The plaintiff must satisfy you that the defendant has caused a prosecution to be instituted against the plaintiff, and that such prosecution has terminated in an acquittal of the plaintiff. The plaintiff must also satisfy you that the prosecution was malicious. If the plaintiff establishes these two allegations he is entitled to recover, unless the defendant satisfy you that there was probable cause for the prosecution." In giving these instructions, it is contended that the court below erred.

In actions for malicious prosecution the rule of evidence is well settled, that the plaintiff must not only prove malice, but that he must show a want of probable cause. 3 Blackf., 244; 2 Greenl. Ev., §§ 453, 454; 2 Stark Ev., 681. The *onus probandi* of showing a want of probable cause does not devolve upon the defendant, but that fact must be shown *prima facie* by the plaintiff before he can recover. Upon this point, then, the charge to the jury was erroneous, and a trial *denovo* must be awarded.

Judgment reversed.

