## BURGETT *v.* BURGETT.

MALICIOUS PROSECUTION.—*Evidence.*—In an action for malicious prosecution, evidence. offered by the defendant to prove that before the prosecution against the plaintiff was commenced, he consulted for advice and direction one who had for twelve years been a justice of the peace, but who was not the justice before whom the prosecution was commenced, and made to him a full and fair statement of all the facts, and was by him advised to institute the proceeding, is inadmissible, for the purpose of showing that the defendant acted with probable cause and without malice.

SAME.—If the defendant in such action, before the suit alleged to have been malicious was instituted, in good faith consulted a practising attorney, and made to him a full and fair statement of his case, and was advised by the attorney to prosecute his complaint, this is a strong circumstance to repel the presumption of malice and want of probable cause.

SAME.—*Probable Cause.*—*Statements of Credible Persons.*—A defendant in such an action, in making up his belief of probable cause for instituting the prosecution alleged to have been malicious, is justified in giving credit to the statements of credible persons, whom he believes.

INSTRUCTIONS.—It is the duty of a party who desires a particular charge to prepare it and ask that it be given to the jury, and if he fails to do so, and the court omits to charge on the subject, he cannot complain.

From the Tippecanoe Common Pleas.

*J. A. Stein* and *W. D. Mote,* for appellant.

*R. C. Gregory, R. P. Dehart, J. R. Coffroth,* and *T. B. Ward,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant for malicious prosecution in suing out and prosecuting a peace warrant against the plaintiff, on the charge that the defendant had just cause to fear, and did fear, that the plaintiff would destroy and injure his personal property. Issue, trial, verdict and judgment for the plaintiff.

No question is made upon the pleadings. The appellant moved for a new trial, but his motion was overruled. We will notice the grounds upon which it is here urged that a new trial should have been granted. A bill of exceptions shows that the defendant " offered to show by his own testimony, in order to show that he had acted with probable cause and

Burgett *v.* Burgett.

without malice in prosecuting a peace warrant against the plaintiff, that before suing out the peace warrant against the plaintiff, he had consulted for advice and direction Joseph Mitchell, who resided at the Battle Ground," near which both parties resided, " and for twelve years before July, 1869, had been a justice of the peace in active practice; all well known to the defendant; and had made a full and fair statement to the said Mitchell of the facts and circumstances which led him to apprehend injury to his property at the hands of the plaintiff; and that thereupon the said Mitchell had advised him to sue out a peace warrant against the plaintiff, and that he had acted in pursuance of that advice; but the plaintiff by her counsel objected to all such testimony, and the court sustained the objection and refused to allow the testimony to be given, to which the defendant then and there excepted."

We are of opinion that the ruling of the court below was correct, and the evidence properly excluded. In *Olmstead v. Partridge*, 16 Gray, 381, like evidence was offered and excluded. We make the following extract from the opinion of the court in that case:

"In actions for malicious prosecution, it has been held to be competent for the defendant to prove, in order to establish the fact of probable cause, that in prosecuting the plaintiff on a criminal charge he acted in accordance with the advice of counsel on a full and correct statement of all the material facts bearing on the case. * * * But such testimony has always been limited to communications with counsel or attorneys. Statements made to other persons and advice given by them have never been deemed admissible. The law wisely requires that a party who has instituted a groundless suit against another should show that he acted on the advice of a person who by his professional training and experience and as an officer of the court may be reasonably supposed to be competent to give safe and prudent counsel on which a party may act honestly and in good faith, although to the injury of another. But

it would open the door to great abuses of legal process, if shelter and protection from the consequences of instituting an unfounded prosecution could be obtained by proof that a party acted on the irresponsible advice of one who could not be presumed to have better means of judging of the rights and duties of the prosecutor on a given state of facts than the prosecutor himself."

The case of *Wilkinson* v. *Arnold*, 11 Ind. 45, is relied upon by counsel for the appellant, but that case is not in point here. In that case the communication was made to the justice before whom the prosecution was instituted. Here it was not. The prosecution for surety of the peace was had before justice Wm. R. Todd. This difference, however, may not of itself be very important. But in that case the alleged malicious prosecution was for the larceny of corn, and the defendant offered to prove that he informed the justice that he had detected the plaintiff in clandestinely pulling and carrying away the corn in question, and that he desired to commence a prosecution therefor if it was in violation of the criminal law of the State; and that the justice, after examining the statute, informed him that it was a larceny, and that thereupon the justice drew up the affidavit for that crime. These facts were held to be a part of the *res gestæ*, and competent, the court observing that " if the prosecution was instituted for a felony instead of a misdemeanor, entirely through the mistake of the justice as to the legal character of the supposed offence, this might well be considered by the jury in determining the question of malice." In that case the justice gave no advice, according to the evidence proposed to be given, but simply informed the party that the facts stated amounted to a larceny and drew the affidavit accordingly.

In the case under consideration, the facts offered to be proved constituted no part of the *res gestæ*, nor did they tend to show that the prosecution in any manner grew out of any mistake in point of law of the justice before whom the proceedings were had.

It may be observed that the defendant was allowed to prove, and did prove, that before commencing the proceedings, he consulted "an attorney at law having his office at the Battle Ground," and stated to him all the facts, and was advised by him that his remedy was to sue out a peace warrant.

In view of this evidence, as we suppose, the court gave the following instruction, which was excepted to by the defendant: " If you find that the defendant in good faith consulted a practising attorney, and made a full and fair statement of his case to him, and was by him advised to prosecute his complaint for surety of the peace, this is a strong circumstance to repel the presumption of malice and want of probable cause." The objection to this charge is, that the term "practising attorney" is used. We are of opinion, however, that the charge was entirely appropriate, in view of the defendant's own testimony, by which it appears that the person whom he consulted was "an attorney at law having his office at the Battle Ground." It is reasonable to infer that he was a practising attorney from the fact that he had an office. The charge in this respect is clearly correct in the abstract, and as applied to the evidence. Moreover, if the defendant desired an instruction upon this point leaving out the qualifying term "practising," he should have asked it.

We now pass to the next point. The defendant asked, and the court refused, the following instruction : " In making up his belief, the defendant was justified in giving credit to the statements of such persons as he was accustomed to believe and did believe." The court, however, did charge as follows: " In making up his belief, the defendant was justified in giving credit to the statements of such persons as were credible and whom he did believe." The charge given was as favorable as the defendant had a right to ask.

One of the assigned reasons for a new trial was, that "the court erred in giving each and all of the instructions, omitting to instruct the jury which or what of the facts, if proved,

amounted in law to the legal probable cause which justified the defendant in suing out the peace warrant on which this suit is grounded." In respect to the charges given or refused, no error is pointed out in the brief of counsel other than those above noticed. The supposed error in failing to charge as to what facts, if proved, did or did not amount to probable cause, if error at all, was error of omission, and not of commission. It may be conceded that the question as to what amounts to probable cause is a question compounded of law and fact; that when the facts are ascertained, it is a pure question of law whether they amount to probable cause. It may also be conceded that it is the duty of the court to give to the jury precise and definite instructions on this subject, either by hypothetically stating the case claimed to have been made by either party, where the facts are disputed, or otherwise, so as to leave the jury free to determine the facts, but fully enlightened as to the legal effect of the facts to be found by them.

But it is not error, such as will reverse a judgment, for the court to omit charging on this subject in the absence of any request to do so. In this, as well as in other cases, it is the duty of the party who desires a particular charge to prepare it and ask that it be given to the jury; and if he fails to do so, and the court omits to charge on the subject, he cannot complain.

We have thus noticed all the grounds on which a reversal is asked in the brief of counsel for the appellant, and are of opinion that none of them are well taken.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.