## GALLOWAY ET AL. *v.* STEWART.

MALICIOUS PROSECUTION.—*Probable Cause.*—If the plaintiff in an action for malicious prosecution was in fact innocent of the criminal offence with which he was charged, the defendant cannot defeat the action by showing that there was in fact probable cause, if he did not know of the existence of the facts constituting the probable cause at the time of making the charge.

SAME.—*Variance.*—The complaint alleged that the defendant, without probable cause, charged the plaintiff with having distilled spirits without license from the Government of the United States, and without having given the bond required by the laws of the United States. The affidavit on which the plaintiff had been prosecuted said nothing about the bond.

*Held,* that the variance was not material. An offence was charged independently of the allegation of the failure to give bond.

DISTILLER'S LICENSE.—The payment of the tax and the receipt therefor amount, in substance, to a license, and confer on the party a right to carry on the business for the time for which the tax has been paid, on complying with the law in other respects.

MALICIOUS PROSECUTION.—*Advice of Counsel.*—A defendant in an action for malicious prosecution cannot defeat the suit by proof that he acted on the advice of counsel, if there was any material fact not communicated to counsel, of which the defendant had knowledge, or which he could have known by the exercise of reasonable diligence.

From the Owen Circuit Court.

*S. Claypool, J. L. Mitchell, W. A. Ketcham, G. W. Friedley,* and *P. A. Parks,* for appellants.

*C. F. McNutt,* for appellee.

DOWNEY, J.—Action by the appellee against Galloway, Meadows, Trogden, and Stafford, the appellants, for maliciously prosecuting the plaintiff, before a United States Commissioner, for carrying on the business of distilling without a license.

Issues, trial by jury, verdict for plaintiff, motion for a new trial overruled, and final judgment for the plaintiff. Error assigned, overruling the motion for a new trial.

The first question presented is with reference to the refusal of the following instruction asked by the defendants: "If facts existed which would have justified the charge made, showing probable cause, it makes no difference whether the defendants knew it at the time of making the charge or not."

The court not only refused the above instruction, but gave this: "Acts of guilt, which have been proven, if any, against the plaintiff, which were not known by the defendants at the commencement of the prosecution, are not to be considered in establishing 'probable cause'—they are now introduced for the purpose of proving the plaintiff's guilt."

If the defendant in the action for malicious prosecution proves that the plaintiff in that action was guilty of the crime charged against him, it is immaterial with what degree of malice the prosecution was commenced and carried on; the defence is complete; and this is true, although the plaintiff in the civil action was acquitted in the criminal prosecution. *Adams* v. *Lisher,* 3 Blackf. 241, 445; *Foshay* v. *Ferguson,* 2 Denio, 617.

But the question remains, can the defendant in the civil action defend himself, supposing that the plaintiff in the civil action was not guilty of the crime, by showing that there was in fact probable cause, although he did not know of the existence of the facts constituting the probable cause at the time of making the charge? We think he cannot. When the guilt

of the plaintiff of the crime charged is shown, probabilities are at an end.

The doctrine concerning probable cause must relate more especially to cases where the guilt of the plaintiff of the crime charged is not shown by the evidence, but is only rendered probable from the circumstances disclosed. That the facts constituting probable cause must be known to the party preferring the charge, is expressly stated in some of the cases in this court, and is clearly implied in others.

In *Lacy* v. *Mitchell*, 23 Ind. 67, it was said: " Probable cause may be defined to be that apparent state of facts found to exist upon reasonable inquiry; that is, such inquiry as the given case rendered convenient and proper, which would induce a reasonably intelligent and prudent man to believe the accused person had committed, in a criminal case, the crime charged; and, in a civil case, that a cause of action existed."

Knowledge of the facts by the prosecutor is clearly implied in this statement of what constitutes probable cause.

In *Hays* v. *Blizzard*, 30 Ind. 457, it is said : " But where the facts known to the prosecutor, or the information received by him from sources entitled to credit, are such as to justify the belief, in the mind of a person of reasonable intelligence and caution, that the accused is guilty of the crime charged, and the prosecution is induced thereby, such a state of facts constitutes probable cause, though it may subsequently appear that the accused is innocent."

Here, knowledge, or information entitled to credit, is made an essential part of the definition of probable cause. See, also, *Bacon* v. *Towne*, 4 Cush. 238, referred to in the opinion in the last cited case, and Addison Torts, 613.

In *Turner* v. *Ambler*, 10 Queen's Bench, 252, Lord DENMAN, C. J., said: " The prevailing law of reasonable and probable cause is, that the jury are to ascertain certain facts, and the judge is to decide whether those facts amount to such cause. But among the facts to be ascertained is the knowledge of the defendant of the existence of those which tend to show reasonable and probable cause, because without knowing them he

could not act upon them ; and also the defendant's belief that the facts amount to the offence which he charged, because otherwise he will have made them the pretext for prosecution, without even entertaining the opinion that he had a right to prosecute. In other words, the reasonable and probable cause must appear not only to be deducible in point of law from the facts, but to have existed in the defendant's mind at the time of his proceeding ; and perhaps whether they did so or not is rather an independent question for the jury, to be decided on their view of all the particulars of the defendant's conduct, than for the judge, to whom the legal effect of the facts only is more properly referred." See, also, *Delegal* v. *Highley*, 3 Bing. N. C. 950.

The next question is discussed under the head of variance. The complaint alleges, that " the defendants, without probable cause, charged the plaintiff with having distilled spirits without license from the government of the United States, and without giving bond as required by laws of the United States."

The charge contained in the affidavit before the United States Commissioner was, that the plaintiff and others " unlawfully, knowingly, and feloniously, and contrary to the act of Congress in such cases, did * * carry on and exercise the business of a distillery, by then and there making and producing distilled spirits, and by then and there making mash, wort, and wash, fit for distillation and the production of spirits ; and they then and there having in their possession a still, without having first paid a special tax as a distiller, as required by law."

The court instructed the jury that the affidavit before the commissioner substantially sustained the allegations of the complaint as to the crime which had been charged against the plaintiff. The defendants asked the court to instruct otherwise, and the court refused.

We have no doubt that the rule is as claimed by counsel, and as held in *Adams* v. *Lisher*, 3 Blackf. 241, that " in actions of this sort, the proceedings in the prosecution of the suit should be stated correctly ; and the charge against the plaintiff, and the judicial proceedings thereon, should also be stated as they

exist, so as to correspond with the facts, and with the record of acquittal."

We think, however, that the instruction of the court was correct. The question was not presented by an objection to the introduction of the evidence. The question is, does the evidence, when introduced, sustain the allegation? We think, in substance, it does. It is true, the charge preferred says nothing as to the part of the allegation in the complaint, that the distilling was without giving bond. The court told the jury, in the charge, that this part of the allegation was not sustained. In substance, the allegation in the complaint, leaving out what was said about the bond, is, that the defendant in the criminal case had been engaged in the business of distilling without authority from the government of the United States. The criminal charge was, that the party accused had carried on the business without having first paid a special tax as a distiller, as required by law. The payment of the tax and the receipt therefor amount, in substance, to a license, and confer upon the party the right to carry on the business for the time for which the tax has been paid, on complying with the law in other respects.

The next question relates to an instruction on the subject of the advice of counsel. The question is thus stated in the brief of counsel for appellants: " On this subject the court below directed the jury wrong. After a general instruction on this subject, to wit, the seventh instruction, which was perhaps correct, the court said to the jury in effect, among other things, that if there was any material fact or facts not communicated to the counsel, of which the defendants had knowledge, or which they could have known by the exercise of reasonable diligence, ' then the advice would not avail the defendants as an excuse for the prosecution.' "

This instruction was in substantial conformity to the rulings of this court on the subject. *Scotten* v. *Longfellow*, 40 Ind. 23.

The defendant asked the court to instruct the jury, that if, after a full and fair statement of all facts in his knowledge,

Knefler and Brown advised Meadows that there was probable cause of guilt, or a technical case, and if they induced him to make the affidavit under such circumstances, and he made the affidavit under the direction of the law officers, believing either that he was required, or that it was his duty to do so, then the action could not be maintained against him. These instructions were refused.

Knefler was the commissioner before whom the charge was preferred, and Brown was the United States District Attorney. They were not the counsel of Meadows, who is a defendant in this action.

We do not think the court erred in refusing this charge. It assumes that the defendants are justified, if Meadows communicated "all the facts in his knowledge" to the law officers of the United States, without reference to the fact whether Meadows possessed a knowledge of any facts, or what facts, if any. The position cannot be sustained.

The judgment is affirmed, with three per cent. damages and costs.