SMITH *v.* ZENT.

MALICIOUS PROSECUTION.—*Evidence.*—*Malice.*—In an action to recover damages for a malicious prosecution for a public offence, the plaintiff must establish malice and want of probable cause on the part of the defendant.

SAME.—*Verdict.*—*Special Finding.*—*Judgment Non Obstante.*—Where, in such action, the jury find, generally, for the plaintiff, and, specially, facts that show probable or good cause for prosecution, the defendant is entitled to judgment on the special finding.

SAME.—*Want of Malice.*—The fact that one consults an attorney as to the institution of a prosecution of another for a public offence, resulting in an acquittal, might tend, in an action for malicious prosecution, to establish want of malice in the prosecutor.

From the Huntington Circuit Court.

*B. F. Ibach* and *G. W. Stults,* for appellant.

*J. C. Branyan* and *C. W. Watkins,* for appellee.

PERKINS, J.—Suit by the appellee for a malicious prosecution, in which the appellant was charged with obstructing a highway.

The prosecution failed and was ended.

Answer, the general denial; trial by jury; verdict for plaintiff for fifteen dollars, accompanied by answers to interrogatories, showing that a highway had been laid out thirty feet wide, and used for many years; that Zent, the appellee, built a fence along his land, whereby he reduced the width of the road to eighteen feet. In answer to an interrogatory as to the width and convenience of the road after Zent had built this fence, they said: "Not as wide, but as convenient for travel."

Zent had evidently obtained a part of the legal width of the highway, the whole of which was to be open for travel. This was in law, if not in fact, an obstruction of the highway.

In *Adams* v. *Lisher,* 3 Blackf. 241, it is said: "There is a distinction between malicious arrests in civil suits, between individuals prosecuted for the private benefit of the plaintiff, and a malicious prosecution of an offence,

Smith *v.* Zent.

misdemeanor, or wrong, which affects the public. In the latter case, the prosecutor is much more favored than in the other. It is a rule of law which seems to be founded on principles of policy, convenience, justice, and necessity, that the prosecutor of a wrong that affects the public, shall be protected, provided he has probable cause, however malicious his private motives may have been; for although he may have intended ill, still good may arise to the public. * * * If he were guilty of the trespass, he can not maintain this action, although he may have been acquitted in the district court, where he was prosecuted; and it is immaterial whether the defendant knew him guilty or not, if he can now prove the fact that he was guilty, or if he can even prove that there was probable cause to suspect him of being guilty, it is sufficient for him." *Newell* v. *Downs*, 8 Blackf. 523.

Some of the instructions given by the court go beyond this authority

This action must be supported by two facts, viz.: Malice and want of probable cause. Both must be proved, or the action fails. Judgment should have been rendered for the defendant on the special findings, upon the motion therefor.

We barely notice some other points made.

The complaint was good. *Ruston* v. *Biddle*, 43 Ind. 515.

The fact that an attorney was consulted before instituting the prosecution charged to be malicious might tend to rebut malice, and would be admissible in evidence for that purpose *Burgett* v. *Burgett*, 43 Ind. 78.

The appellee has furnished no brief.

The judgment is reversed, with costs, and the cause remanded, etc.