## McCullough v. Rice.

MALICIOUS PROSECUTION.—*Complaint.*—In an action to recover damages for an alleged malicious prosecution, the complaint must show, by proper averments, that the alleged prosecution was malicious and without prob- able cause, and had terminated favorably to the plaintiff.

McCullough *v.* Rice.

SAME.—*Defence.*—*Harmless Error.*—*Evidence.*—Where matter pleaded in a special paragraph of answer to such complaint is admissible, and on the trial was admitted, under the general denial, also pleaded, error in sustaining a demurrer to such special plea is harmless.

SAME.—*Affidavit.*—On the trial of such action, an affidavit by the defendant, on which he had procured the arrest of the plaintiff for a crime, is admissible in evidence on behalf of the latter, though it be informal and insufficient in charging the crime intended to be charged therein.

SAME.—*Advice of One Not an Attorney.*—The fact that such prosecution was instituted by the defendant, on the advice of one not an attorney, is not competent evidence to establish want of malice.

SAME.—The fact that the defendant had a good cause of action against the plaintiff to recover the possession of personal property, unlawfully detained by the latter, is no justification for a criminal prosecution.

From the Newton Circuit Court.

*E. O'Brien, J. S. Reid* and *W. A. Lowe,* for appellant.

*R. S. Dwiggins, Z. Dwiggins* and *Carmichael & Darroch,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover damages for an alleged malicious prosecution.

In his complaint, the appellee alleged, in substance, that, on the 1st day of August, 1875, the appellant did, at Newton county, Indiana, falsely and maliciously, and without any reasonable or probable cause whatever, charge the appellee, before one David M. Pulver, a justice of the peace of said county, with having committed a certain offence against the laws of this State, known as grand larceny, to wit: he then and there charged the appellee with unlawfully and feloniously taking and driving away two head of cattle, the property of another, and with concealing said cattle; that, upon said charge, the appellant then and there caused said justice to issue his warrant for the arrest of the appellee, and caused said warrant to be placed in the hands of an officer to be executed, and caused said officer to arrest the appellee and imprison him for one day, and take his body before said justice to be tried on said charge; that, upon such trial before said justice, the appellee was fully acquitted of said

offence; by reason of all which the appellee was injured in reputation, had suffered anxiety and pains of body and mind, was obliged to and did expend one hundred dollars in procuring his discharge and defending himself in the premises, had been hindered from transacting his business for ten days, and was otherwise greatly damaged and injured; to his damage one thousand dollars, for which he demanded judgment, etc.

The appellant demurred to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and to this decision the appellant excepted.

The appellant then answered in two paragraphs, in substance, as follows:

1. A general denial; and,

2. In the second paragraph, the appellant alleged, that, about the 1st of August, 1875, he missed from his herd five head of cattle, which he afterward learned were in the herd of cattle then under the appellee's control; that the appellant asked permission from the appellee to go into the latter's herd to see if the appellant's missing cattle were in said herd; that the appellee refused such permission, and would not suffer the appellant to go into said herd for any purpose; that the appellant, being satisfied that his missing cattle were concealed in appellee's herd, again called on the appellee and his herdsman, John Ekey, and was again refused permission by each of them to go into the appellee's herd, and was informed by appellee that said cattle belonged to him; that, at two or three other times before filing the affidavit or charge mentioned in the complaint, the appellant sent his employees to the appellee and to said Ekey to ask permission to go into the appellee's herd to look for the appellant's missing cattle, but such permission was refused by the appellee and said Ekey; that said Ekey and the appellee were well acquainted with the appellant and with his employees, and knew that the appellant had.

charge of a herd of cattle in said Newton county; that afterward the appellee let one Cowgill have three head of said cattle, who took the same out of this State, knowing that the appellant claimed the same; that the appellant, believing that said two head of cattle were being concealed in said herd, then in charge of the appellee, and desiring to obtain possession of said cattle, which belonged to a herd then in the appellant's charge and possession, went before said David M. Pulver, and made the charge as alleged in the complaint, at the instigation and request of said Pulver, who refused to let the appellant have said two head of cattle, unless an affidavit was filed before him, in order that the appellee might be arrested and dealt with according to law; that thereupon the appellant made the said charge, upon the advice of said justice, without malice; that, upon said charge, the appellee was arrested, the said two head of cattle were found in said herd of the appellee and returned to the appellant; and that said charge was made against the appellee, without malice, by the appellant, but with the sole purpose of recovering possession of said two head of cattle, he having probable cause to believe that said cattle were concealed in the appellee's herd.

The appellee demurred to the second paragraph of the appellant's answer, for the want of sufficient facts therein to constitute a defence to the action, which demurrer was sustained, and the appellant excepted.

The cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages at one hundred and fifty dollars. The appellant's written motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered by the court below on the verdict.

The appellant has properly assigned, as errors, in this court, the following decisions of the court below :

1. In overruling the demurrer to the complaint;

2. In sustaining the appellee's demurrer to the second paragraph of the appellant's answer; and,

3. In overruling the appellant's motion for a new trial.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1. Appellant's attorneys say that the grounds of their objections to appellee's complaint are these:

"1st. There is no charge of 'grand larceny' made against the appellee in the complaint;

"2d. There is no charge of a malicious arrest made against the appellant;

"3d. There is no sufficient charge in the complaint, founded on the statements therein, against the appellant, of a malicious prosecution."

It seems to us, that none of these objections to the complaint are well taken. The action was brought to recover damages for an alleged malicious prosecution. In such a case, the complaint must show, by proper averments, that the prosecution was malicious, that it was without probable cause, and that it has terminated favorably to the party plaintiff and his claim for damages. *Stancliff* v. *Palmeter*, 18 Ind. 321, and authorities cited; *Lacy* v. *Mitchell*, 23 Ind. 67; *Galloway* v. *Stewart*, 49 Ind. 156. All these matters appear, with sufficient clearness and certainty, in the appellee's complaint in this case. The appellant's demurrer to the complaint, therefore, was properly overruled.

2. In discussing the second error assigned in this court, the appellant's counsel say, "that every thing pleaded in his special traverse could be given, and was given, by the parties, and is now, in evidence in the record." The errror assigned, if it were an error, was therefore entirely harmless; and, for such an error, it is well settled by numerous decisions of this court, that a judgment will not be reversed. *Cool* v. *Cool*, 54 Ind. 225, *Spath* v. *Hankins*, 55 Ind. 155, and *Emmons* v. *Meeker*, 55 Ind. 321.

3. The causes for a new trial assigned by the appellant, in his motion therefor, were as follows:

1. The verdict of the jury was not sustained by the evidence;

2. The verdict of the jury was contrary to law;

3. The verdict of the jury was contrary to the law and the evidence;

4. Error of law occurring at the trial, in this, that the court permitted the appellee to give in evidence to the jury the affidavit, writ and record of trial in justice's docket, over the appellant's objections;

5. Error of law occurring at the trial, in this, that the court gave to the jury, over the appellant's objections, instruction No. 2; and,

6. The damages assessed by the jury were excessive.

It appears from the bill of exceptions, which is properly in the record, that, when the appellee offered in evidence, on the trial, the appellant's affidavit, on which the prosecution of the appellee was founded, the appellant objected to the admission of the affidavit in evidence, on the ground that it did not charge a larceny, but a trespass merely, and therefore did not support the averment of the complaint; but the court overruled the objection, and the affidavit was read in evidence.

The affidavit charged, in substance, that the appellee, on, etc., at, etc., "did then and there unlawfully take one red white heifer, branded," etc., "one white steer, branded," etc., "and one red and white steer, branded," etc., "and, as the affiant verily believes, the said James H. Rice has feloniously taken, carried away and concealed said cattle."

Whether or not this affidavit sufficiently charged the appellee with the crime of grand larceny, is a question we need not decide in this case. It is clear that it was the appellant's intention to charge the appellee with the larceny of said cattle, in and by said affidavit; and, although it may have been informal and insufficient in law, yet the

consequences to the appellee were precisely the same as they would have been, if the affidavit had contained a formal, clear and sufficient charge of grand larceny. Upon the affidavit, a warrant was issued for the appellee's arrest, and he was arrested; and to him the scandal, vexation and expense of the prosecution were none the less, for the reason, if it existed, that the prosecution was founded upon an insufficient affidavit. *Stancliff* v. *Palmeter, supra.*

In our opinion, the affidavit, writ and record of trial before the justice were properly admitted in evidence.

Instruction No. 2 of the court below, to the jury trying the cause, was as follows:

"Advice given to the defendant to commence the prosecution, by any person not an attorney, to whom all the facts had been fully stated, can not be received by the jury as evidence that the defendant acted without malice."

There was no error in this instruction. In such a case as this, "In order for the advice of counsel to afford protection, it must be given upon a full and true statement of the facts within the knowledge of the person seeking the advice, and it must be acted upon in good faith for an honest purpose." *Scotten* v. *Longfellow*, 40 Ind. 23, and authorities cited. *Burgett* v. *Burgett*, 43 Ind. 78, and *Galloway* v. *Stewart, supra.*

In their argument of this cause, in this court, the appellant's learned attorneys have discussed, at some length, the sufficiency of the evidence to sustain the verdict. We need not set out the evidence in this opinion. But we may say, that we have carefully read and considered all the evidence in the record, and it seems clear to us, that it fully sustained the verdict.

Where the title to, or ownership of, personal property is in controversy between two citizens of equal good character, it is at least a dangerous mode of determining the controversy to resort to a criminal charge, for that pur-

pose. The civil law has provided sufficient remedies for the settlement of such disputes; and, if men are not content with the civil remedies thus provided, and will resort to the swifter and harsher proceedings of the criminal law, for the adjustment of their private controversies, they act at their peril, and must abide the consequences.

In this case, it appears to us, "that the merits of the cause have been fairly tried and determined in the court below;" and in such case the statute forbids that the judgment shall be "stayed or reversed, in whole or in part," by this court. 2 R. S. 1876, p. 246, sec. 580.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.