No. 8429.

## WORKMAN *v.* SHELLY ET AL.

MALICIOUS PROSECUTION. — *Want of Probable Cause.—Attorney.—Demurrer to Evidence.*—On trial of an action for malicious prosecution, in procur- ing the indictment of the plaintiff for perjury in making an affidavit for the removal of a cause from a justice of the peace to the circuit court, evidence that the defendants were before the grand jury, not of their own motion, but in obedience to legal process, that the deputy prosecutor was attorney for one of the defendants in the civil case, and was familiar with it, and advised them that, if the facts were true as they stated them to him, there was good cause for a prosecution, was insufficient to show a want of probable cause, and a demurrer thereto was rightly sustained.

SAME.—*Burden of Proof.—Malice.*—In such case, the burden of proof lay upon the plaintiff to show a want of probable cause as well as malice, .and a prosecution begun and ended.

From the Boone Circuit Court.

*C. S. Wesner,* for appellant.

. .*J. W. Clements* and *F. M. Charlton,* for appellees.

BICKNELL, C. C.—This was a suit by the appellant against the appellees for malicious prosecution. The complaint alleges that the appellees went before the grand jury and there, without any probable cause, charged the appellant with having feloniously and falsely committed wilful perjury in a certain affidavit sworn to by him before a justice of the peace, in an action pending before said justice, relating to the possession of land, and that, without any probable cause and maliciously, they procured said grand jury to find an indictment charging the appellant with perjury in said affidavit; that the appellant was arrested upon said indictment, which was afterwards quashed by the court and appellant was discharged. The complaint claims $5,000 damages.

The affidavit was made for the purpose of removing the case pending before the justice to the circuit court, on the ground that the title to land was in issue, and the indictment was bad because it appeared that in the affidavit the appellant was swearing to a conclusion of law, from certain facts alleged, which facts were not averred to be false. *The State* v. *Woolverton*, 8 Blackf. 452.

The appellees answered by a general denial; the cause was tried by a jury; the appellees demurred to the evidence, and their demurrer was sustained; judgment was rendered for the appellees, and this appeal was taken.

The only question presented by the errors assigned is, Was the demurrer to the evidence rightly sustained?

The evidence shows that only four of the defendants have their names endorsed upon the indictment as witnesses for the State, and that none of them went before the grand jury of their own motion.

The deputy of the prosecuting attorney testified as follows: " I was deputy prosecuting attorney before the April term, 1878, and have been ever since. I know the defendants; they were before the grand jury as witnesses at the term the indictment was found. I don't know that they were all there; John Shelly was there, and I think George

Shelly, and I know the old lady was there, for I took her over there myself. They were before the grand jury either on a subpœna, or else I had them brought in by the grand jury bailiff. I got Mrs. Shelly and took her over, but whether the others were subpœnaed or not I am not sure, but I know they were either subpœnaed or brought in by the bailiff. I was the attorney for Mrs. Shelly in the suit at Jamestown." It will be observed that this was the suit in which the alleged false affidavit was made. " I was familiar with the matters in that case, and I told them that if the facts were true as they stated them to me, there was a good cause for a prosecution. I know I got them before the grand jury, but I don't remember just how; they were here in town that day, but their business I think was in connection with a civil cause."

Ellis G. Darnall testified: "I was bailiff of the grand jury. I served a subpœna on two of the Shellys and one of the Gordons to appear before the grand jury as witnesses. I found them here in town." There was no other testimony in reference to the appearance of any of the appellees before the grand jury.

This evidence shows that those of the appellees who went before the grand jury went in obedience to legal process; the deputy prosecutor says, " I know I got them before the grand jury." The evidence also shows that this same prosecutor had been Mrs. Shelly's attorney in the suit in which the affidavit, alleged to be false, was made, and " was familiar with the matters in that case," and that he, the officer of the State having charge of such prosecutions, advised the appellees that " if the facts were true as they stated them to him, there was a good cause for a prosecution."

It will be observed also that there is no evidence at all that the facts stated by the appellees to the prosecuting attorney were not true, and they had a right to state facts to the prosecutor, and to assume that his advice was right that such facts made good cause for a prosecution, yet even after receiving such advice they did not go before the grand jury until the

prosecutor had them brought in by subpœna or by the grand jury bailiff.

The burden of proof lay upon the appellant to show want of probable cause for the prosecution, as well as malice and a prosecution begun and ended. The evidence in this case does not show want of probable cause. *Adams* v. *Lisher*, 3 Blackf. 241 (25 Am. Dec. 102); *Burgett* v. *Burgett*, 43 Ind. 78; *Galloway* v. *Stewart*, 49 Ind. 156; *Scotten* v. *Longfellow*, 40 Ind. 23; *McCullough* v. *Rice*, 59 Ind. 580; *Smith* v. *Zent*, 59 Ind. 362.

The demurrer to the evidence was rightly sustained. There is no error in the record. The judgment of the court below should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.