### *GEORGE B. NIGH v. LEOPOLD KEIFER.

1. CASE NOT TO BE WITHDRAWN FROM JURY IF ANY EVIDENCE INTRODUCED.

Where, in an action for malicious prosecution, evidence has been introduced tending to prove malice and want of probable cause, it is error for the court, at the close of the testimony, to withdraw the case from the jury and dismiss the action.

2. NOT TO BE DISMISSED IF UNCONTRADICTED TESTIMONY SHOWS DEFENDANT ACTED ON ADVICE OF COUNSEL.

That defendant and his counsel give testimony tending to prove that the criminal action was instituted upon the advice of counsel, and upon a full, fair and honest statement of all the facts, which testimony is not contradicted by the testimony of other witnesses, does not warrant such withdrawal and dismissal upon the ground that the undisputed facts show the existence of probable cause.

3. "GOOD FAITH" MUST BE LEFT TO JURY AS IT IS AN ELEMENT OF PROBABLE CAUSE.

Good faith is an element of "probable cause;" and the question of its existence is for the determination of the jury, in the light of the testimony, and all the circumstances of the case, under proper instructions by the court.

4. TO PLOW UP STAKES SET WITHOUT AUTHORITY IS NOT MALICIOUSLY REMOVING LAND MARKS.

Stakes driven upon the premises of a lessee, to subdivide them without his consent, by the owner of the reversion, are not landmarks "properly established" within the meaning of sec. 6865, Rev. Stat., and the lessee commits no crime in following them up.

ERROR to the Court of Common Pleas of Miami county.

Nigh brought his action against Keifer to recover damages for an alleged malicious prosecution upon a charge of unlawfully removing landmarks.

For the defense relied upon the answer states that "prior to the commencement of the criminal action the defendant took competent legal advice of a duly admitted practitioner of the courts of this state, and acted upon the advice of said attorney, having given him a full and fair statement of all the material facts, and acted honestly upon such advice, believing he had a cause of action against the plaintiff."

The foregoing allegations were put in issue by the reply.

At the close of the testimony a motion was interposed by the defendant for the withdrawal of the case from the jury, and for judgment; and the court, as

---

*This case was dismissed for failure to file a printed record June, 2, 1891.

appears by the record, "being satisfied that the material facts as developed upon the trial of the case, are not disputed, and that said facts show the existence of probable cause for the commencement of the criminal prosecution," sustained the motion and dismissed the action to which plaintiff excepted. This was one among others, of the grounds assigned in the motion for a new trial; and the overruling of such motion is urged here as a ground for a reversal of said judgment.

SHEARER, J.

The evidence disclosed by the bill of exceptions shows that the plaintiff in error, Nigh, was in possession of a parcel of land in the city of Piqua, as lessee of Lyons, and was, and for a considerable period had been cultivating the same, and had planted that season a crop of corn and potatoes. While Nigh was so in possession, Keifer, the defendant in error, became the purchaser of the reversion and received a deed therefor. There is a conflict of evidence as to whether he had actual notice of the lease. Immediately upon the purchase he entered upon the premises without the knowledge of Nigh, and with the assistance of an engineer laid out, staked and platted the land as an addition to said city, and took such further steps as that the council of the city approved the plat and accepted the addition.

Subsequently, while plowing his crop, Nigh discovered the stakes, and notified Keifer to remove them or that he would do so. Upon receipt of the notice Keifer consulted a reputable attorney of the Miami bar, informed him that he had received said notice, and sought his advice as to the course he should pursue. After an examination of the law, the attorney advised Keifer that said stakes were landmarks, and that their removal by Nigh, without Keifer's consent, would render him liable to a criminal prosecution under the statute in that behalf. He also advised him to notify Nigh of the consequences which would follow his removal of the stakes, but suggested that, as Keifer when he entered upon the premises, had committed a trespass, he should pay Nigh damages therefor.

He further informed Keifer that if Nigh removed the stakes, he, Keifer, ought to prosecute him; that it was a duty which he owed to himself and the public.

The notice was given in accordance with this advice, and an offer made to pay damages or to purchase the crop. Nigh rejected these propositions and removed the stakes. Thereupon Keifer procured his arrest, and he was recognized to appear before the court of common pleas to answer, and was subsequently indicted.

The indictment was quashed, and Nigh held to answer at the next term. The next grand jury ignored the bill, and the prosecution ended.

The evidence shows that Keifer submitted to his counsel a full and fair statement of the facts. He so testifies, and the attorney corroborates him. In the nature of things, this testimony must stand uncontradicted by direct evidence. No one was present at the interview.

The court below assumed that a full and fair statement had been made in good faith, and that the advice received thereon had been acted upon in good faith; and that all that was testified by Keifer and his attorney in that behalf was true. There, we think, the court below made a mistake.

The jury, under the rule in Ohio, had the right and the exclusive right, to pass upon the credibility of Keifer and his attorney. They had the right, also, to say whether Keifer was actuated by proper motives, and acted in good faith.

In Ames v. Snider, 69 Ill., 376, it was held:

"That where a party consults with competent legal counsel, *in good faith*, to ascertain what course to pursue in reference to acts done by another, and such counsel, after proper deliberation and examination into the facts, advises an arrest for a criminal offense, the party causing the arrest shall not be held to respond in damages for this action, notwithstanding it

may appear on the trial the party accused was not guilty. But the advice must be sought *in good faith*, and the party must make a full and honest statement of the facts to counsel." To the same effect are Wicker v. Hotchkiss, 62 Ill., 107, and 43 Ind., 78. This, we think, is a fair statement of the rule; and not in conflict with Ash v. Marlow, 20 O., 119. In that case it is said that "probable cause" is a mixed question of law and fact, and if the facts are contested, the court must leave them to the jury with instructions as to what is "probable cause."

It is within the legitimate province of the jury to investigate the truth of the facts offered in evidence, and the justice of the inference to be drawn from such facts, while at the same time they receive the law from the court that according as they find the facts proved or not proved, and the inferences warranted or not, there was reasonable ground or not for the prosecution.

It may be said, in the light of the rule stated in Ash v. Marlow, that the court did not err, because the facts in relation to consulting counsel are undisputed. It is true that Keifer and his attorney substantially agree as to what was said between them—the communications made and the advice given. But if such facts uncontradicted, by direct testimony, will warrant the court in with drawing a case from the jury, it would be next to impossible to maintain an action for malicious prosecution, where counsel was consulted before the institution of the criminal action. The question of *good faith* is ignored in the proposition— an element which we regard as essential to probable cause—a fact upon which the jury must pass. The court below must have assumed that Keifer and his legal adviser testified truthfully, and treated the facts testified to as if they were admitted. We think there is a difference between facts admitted and facts not contradicted. It is often impossible to meet testimony by direct proof; but that alone does not withdraw from the jury the right to pass upon the credibility of such testimony. It is competent for them to disbelieve a statement although it is not contradicted. So here, can it be said, as matter of law, that the jury would have believed the testimony of Keifer and his attorney and found accordingly?

We are clear that the question of probable cause should have been submitted to the jury under proper instructions as to what constitutes probable cause.

If the testimony for the plaintiff below had shown that he was guilty of the offense for which he was arrested, the action of the court would not have been prejudicial. For probable cause would have been established. But it shows he was not guilty, and tends to show want of probable cause. It was incumbent upon Keifer to overcome the case thus made by proof, thus putting in issue by testimony the existence of probable cause—a fact to be passed upon by the jury under proper instructions from the court; and in withdrawing the case, and rendering judgment, the court invaded the domain of the jury.

We have said that the evidence of the plaintiff showed that he had committed no offense. Section 6865, Rev. Stat, provides that "whoever knowingly and maliciously removes * * * any landmark * * * *properly established* * * * shall be fined," etc. Under this section Nigh was arrested and indicted.

The stakes removed by Nigh were not "landmarks properly established." For Keifer had no right to place them upon the premises of Nigh, during his possession as tenant of Lyons, without his consent; and Nigh had the right to remove them if he chose. It cannot be that a trespasser may set stakes upon his neighbor's land, and compel him to submit to the inconvenience of their presence, under the claim that they are the trespasser's landmarks.

The land marks protected by the statute are those which have been "properly established." They cannot be properly established where it is necessary to commit a trespass to establish them. Section 2597, Rev. Stat., is no authority for entering upon lands to survey and plat an addition to a municipal corporation against the will of the tenant in possession.

For error in withdrawing the case from the jury and rendering judgment

for the defendant, and in overruling the motion for a new trial, the judgment of the court below is reversed, with costs.

H. H. Williams and A. C. Buchanan, for plaintiff in error.

W. C. Johnson, for defendant in error.