## BREITMAN v BERKSHIRE LIFE INSURANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14668.   Decided July 6, 1935

Samuel Doerfler, Cleveland, and Geo. C. Hansen, Cleveland, for plaintiff in error.

Halle, Harris, Haber & Beric, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designatoin.

## OPINION

By MIDDLETON, PJ.

We are not impressed with this contention. The right of the trial court to render judgment through the medium of a jury has long been the case law of this State, and that right is no longer debatable for the reason that at the present session of the legislature a law was enacted expressly conferring authority on the court to render a judgment upon the evidence. The act in question is an amendment of §11601 GC, and will become effective Sept. 2, 1935.   As the section so amended may not be accessible to counsel at the present time we quote it in full indicating the amendments thereto by blackface type:

"When, upon the statements in the pleadings, **or upon the evidence received upon the trial,** one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party **and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."**

By this amended act the legislature has written into the statutory law what has always been the case law in Ohio.

Counsel for Breitman relies on the case of **Nigh v Keifer, 3 O.C.D. 1, 5 O.C.C. 1.** We are not in harmony with that authority.   It is our conclusion that no sound reason may be found in that case for excepting it from the general rule.   The credibility of witnesses is a question in every case.   The judgment is affirmed.

BLOSSER and McCURDY, JJ, concur.